UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-9

| | | |
|---|---|---|
| **DELORIS GASTON,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEXISNEXIS RISK SOLUTIONS,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). Having considered defendants' motion and reviewed the pleadings, the court enters the following Order.

I. **Background**

Defendants filed a Motion to Dismiss Plaintiff's Class Action Amended Complaint (#25) on June 7, 2016. Defendants argued that the definition of "personal information" under the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA"), expressly excludes all "information from vehicular accidents," *e.g.*, accident reports, from regulation under the DPPA. Based on this interpretation, defendants argued that plaintiffs' Amended Complaint should be dismissed as a matter of law. It appearing from the face of the Amended Complaint that plaintiff had stated a cognizable claim, the Rule 12(b)(6) motion was summarily denied by Order entered September 13, 2017. Defendants now seek certification of an interlocutory appeal from that Order, seeking clarification of the definition of "personal information" and a determination of what information in an accident report falls within the DPPA's exclusions.

-1-

## II. Legal Standard

A district court may certify an order for immediate appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see also United States ex rel. Michaels v. Agape Senior Cmty., Inc., 848 F.3d 330, 340 (4th Cir. 2017). A question of law refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" as opposed to an issue of fact. Lynn v. Monarch Recovery Mgmt., 953 F.Supp.2d 612, 623 (D. Md. 2013). A controlling question of law is one with an answer that "will be completely dispositive of the litigation, either as a legal or practical matter." David v. Alphin, 2009 U.S. Dist. LEXIS 108413, at *10-11 (W.D.N.C. Oct. 30, 2009) (internal quotations and citations omitted). Alternately, a question of law may be controlling "even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court and time and expense for the litigants." North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995); see also Riley v. Dow Corning Corp., 876 F. Supp. 728, 731 (M.D.N.C. 1992) ("[t]he core question in the certification process is whether an immediate reversal of an issue at the appellate level will save the parties unnecessary time and expense"). A substantial grounds for difference of opinion exists if courts differ on a controlling question of law, "creating the need for an interlocutory appeal to resolve the split." Charlotte Commercial Grp., Inc. v. Fleet Nat'l Bank, 2003 U.S. Dist. LEXIS 5392, at *8 (M.D.N.C. Mar. 13, 2003) (citations omitted).

The decision of whether to certify is "wholly within the discretion of the district court" and the district court is afforded "great flexibility . . . in deciding whether to certify an order for appeal." Howes, 889 F. Supp. at 852. However, given basic policy of postponing appellate review until after the court has entered final judgment in the case, the movant bears the burden of persuading the court that "exceptional circumstances" justify a departure from that policy. Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir.), *cert. denied,* 405 U.S. 1041 (1972); see also James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993) ("[P]iecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments.").

**III.     Discussion**

Interlocutory appeals should not be certified unless a court is "of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The definition that defendants ask this Court to certify for clarification is, as follows:

> "personal information" means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

18 U.S.C. § 2725(3).

In this case, defendants earlier contended that this action should be dismissed for failure to state claim based on a reading of that statute which, they contend, would make plaintiff's allegations non-cognizable. This Court summarily denied that motion as it was clear that plaintiffs had stated a cognizable cause of action. In sum, when ruling on a Rule 12(b)(6) motion, "a judge

must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a plaintiff need not demonstrate that her right to relief is probable or that alternative explanations are less likely; rather, a plaintiff must merely advance their claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a plaintiff's explanation is plausible, the complaint survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 556. Failure to state a claim can occur two ways: first, by failing to state a valid legal cause of action, i.e., a cognizable claim, see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, see Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013). Here, plaintiff states a cognizable claim as previously determined.

The only issue now pending is whether this Court should exercise its discretion and certify its Rule 12(b)(6) cognizability determination for interlocutory appeal to the Fourth Circuit. This Court would give serious consideration to certifying an interlocutory appeal where there is split among judges of the district courts of the Fourth Circuit or where it is arguable among reasonable

jurists that this Court's determination was wrong. Here, except for one outlier,[1] this Court can find no split among the courts that have addressed this precise issue. Indeed, this Court's determination is fully consistent with a recent decision of a colleague in the Middle District of North Carolina, the Honorable Loretta C. Biggs, United States District Judge, where she held as follows:

> The Farbman Defendants further argue that they cannot be held liable under the DPPA because "the statute simply does not apply to Defendants' conduct, even if the allegations in the ... Complaint are taken as true," and the Complaint, therefore, fails to state a claim. (ECF No. 22 at 18.) In particular, the Farbman Defendants, citing to section 2721(a)(1) of the statute, assert that "[t]he DPPA only regulates the disclosure of information held by a state DMV." (Id. at 18–19.)
> The Court rejects these arguments, which fly in the face of the precise language of the DPPA. To be sure, section 2721(a)(1) of the DPPA prohibits the knowing use or disclosure of protected "personal information" by State DMVs, as well as their employees and agents. 18 U.S.C. § 2721(a)(1). However, section 2724(a) of the statute also ascribes liability to anyone "who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." *Id.* § 2724(a). In accordance with "one of the most basic interpretive canons" of statutory interpretation, "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Corley v. United States*, 556 U.S. 303, 314 (2009) (alteration in original) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)). Accordingly, giving effect to the entire statute, including section 2721(a) on which Defendants rely, as well as section 2724(a), the Court concludes that the DPPA covers information knowingly disclosed by a state DMV as well as information that is knowingly obtained, disclosed, or used by any person. Nowhere in the statute does it state that it applies so as to limit liability in the manner argued by Defendants. As such, the Court denies Defendants' motions to dismiss for failure to state a claim on this basis.

Hatch v. Demayo, 1:16CV925, 2017 WL 4357447, at *7 (M.D.N.C. Sept. 29, 2017)(footnote omitted). In addition, Judge Biggs specifically addressed the accident report exception, as follows:

> Although Defendants seek to characterize the information they obtained and used as "information on vehicular accidents," Plaintiffs specifically allege that Defendants violated the statute by impermissibly obtaining and using their names and addresses, (see ECF No. 5 ¶¶ 33–36, 45–48, 54–59), "not [by] obtaining ... information related to the accident (e.g., vehicles involved, road conditions, times of day, etc.)," Pavone v. Meyerkord & Meyerkord, LLC, 118 F. Supp. 3d 1046,

---

1     Mattivi v. Russell, No. CIV.A. 01–WM–533(BNB), 2002 WL 31949898, at *4 (D.Colo. Aug. 2, 2002).

1050 (N.D. Ill. 2015). Plaintiffs' allegations, therefore, concern Defendants' conduct with respect to Plaintiffs' names and addresses, which is information explicitly included in the definition of "personal information" protected under the DPPA. Accordingly, the Court finds that it need not look any further than the plain language of the statute to conclude that it applies to Defendants' underlying conduct as alleged in the Complaint, and Defendants' motions to dismiss on this ground will be denied.

Id. at *8. This Court fully concurs with its learned colleague in the Middle District. Further, the Hatch determination is fully consistent with the vast majority of cases addressing this issue nationwide.[2]

Applying a modicum of common sense to what is a clearly written statute, being involved in a fender bender on the way to work is clearly an insufficient reason to expose protected "personal information" (especially a person's name and home address) to a web audience increasingly inhabited more by identity thieves than boy scouts. Rather than certify what would most likely be a futile and expensive interlocutory appeal, the Court will allow defendants to revisit the legal issue at summary judgment, but only after the close of discovery.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' Motion for Certification of an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (#36) is **DENIED**.

Signed: November 13, 2017



Max O. Cogburn Jr
United States District Judge

---

[2] See Senne v. Village of Palatine, Ill., 695 F.3d 597 (7th Cir. 2012); Pichler v. UNITE, 542 F.3d 380, 391 (3d Cir. 2008); Pavone, supra; St. Clair v. Capital One Bank (USA), N.A., No. CIV. 12-1572 MJD/AJB, 2013 WL 1110810, at *5 (D. Minn. Jan. 22, 2013), rejected in part on other grounds, No. CIV. 12-1572 MJD/AJB, 2013 WL 1110803 (D. Minn. Mar. 18, 2013); Camara v. Metro-N. R. Co., 596 F. Supp. 2d 517, 525 (D. Conn. 2009).