# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-009-MOC-DCK

| | |
|---|---|
| **DELORIS GASTON, AND LEONARD GASTON,** | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| **LEXISNEXIS RISK SOLUTIONS, INC., and POLICEREPORTS.US, LLC,** | ) ) ) ) |
| Defendants. | ) ) |

## JOINT STIPULATED PROTECTIVE ORDER AND APPROVED CONFIDENTIALITY AGREEMENT

IT IS HEREBY STIPULATED by and between Plaintiffs Leonard Gaston and Deloris Gaston (collectively, "Plaintiffs") and Defendants LexisNexis Risk Solutions Inc. and PoliceReports.US, LLC (collectively, "Defendants") through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendants and/or credit and other confidential information of Plaintiffs and third parties.

THEREFORE, this Court orders as follows:

1. This Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law asserted by the producing party, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS" and "CONFIDENTIAL-AEO MATERIALS," respectively.

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-ATTORNEY'S EYES ONLY, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts ordered within two (2) business days from the conclusion of the deposition will be treated as confidential until the expiration of the ten (10) day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set

forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (v) outside photocopying and electronic discovery vendors; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person designated in paragraph 5(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS to anyone, and

agreed to utilize such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS.

7. In the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL-AEO MATERIALS shall not be disclosed to any person other than counsel of record in this case, those attorneys' support staff employees who perform work tasks related to this case, and the in-house counsel of a party or as described in paragraph 6.

8. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court to retain the designated status materials. If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent

with the designating party's designation, until the Court has ruled on the designating party's motion.

9. Any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court shall file such material in accordance with Local Rule 5.2.1 and 6.1. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

10. Any party that files any discovery materials with the Court shall redact any personally identifying information that may be contained therein.

11. Subject to paragraph 8, within sixty (60) days after the conclusion of this case, upon written request, the receiving party shall assemble and make available to the designating party all materials containing information designated in accordance with paragraph 2, above (with the exception of drafts of pleading filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIAL and CONFIDENTIAL-AEO MATERIAL as provided in this Order). Either party may elect to have its designated materials destroyed rather than returned, in which case the receiving party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed and the manner in which such materials have been destroyed.

12. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgement attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

13. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 6.1.

14. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO" does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

15. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

16. Third parties who are the subject of discovery requests, subpoenas, or depositions in this case may take advantage of the provisions of this Order by providing Plaintiffs and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

**IT IS SO ORDERED.**

Signed: September 25, 2018

David C. Keesler
United States Magistrate Judge

**WE ASK FOR THIS:**

By: /s/ David M. Wilkerson
David M. Wilkerson
Heather W. Goldstein
Larry S. McDevitt
The Van Winkle Law Firm
P.O. Box 7376
Asheville, NC 28802-7376
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
dwilkerson@vwlawfirm.com
hgoldstein@vwlawfirm.com
lmcdevitt@vwlawfirm.com

Eugene C. Covington, Jr.
Covington, Patrick, Hagins, Stern & Lewis, P.A.
211 Pettigru Street
P.O. Box 2343
Greenville, SC 29601
Telephone: (864) 240-5502
Facsimile: (864) 240-5533
gcovington@covpatlaw.com

*Attorneys for Plaintiffs*

By: /s/ Ronald I. Raether, Jr.
Ronald Irvin Raether, Jr.
Admitted *Pro Hac Vice*
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622-2722
Facsimile: (949) 622-2739
Email: ronald.raether@troutmansanders.com

D. Kyle Deak
N.C. State Bar No. 35799
434 Fayetteville Street, Suite 1900
Raleigh, NC 27601
Telephone: (919) 835-4133
Facsimile: (919) 829-8725
Email: kyle.deak@troutmansanders.com

Cindy D. Hanson
Troutman Sanders LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3830
Facsimile: (404) 885-3900
Email: cindy.hanson@troutman.com

Robert B. Long, Jr.
Philip S. Anderson
Long, Parker & Warren, P.A.
P. O. Box 7216
Asheville, NC 28802
Telephone: (828) 258-2296
Facsimile: (828) 253-1073
Email: fran@longparker.com
Email: philip@longparker.com

*Attorneys for Defendants LexisNexis Risk Solutions Inc. and PoliceReports.US, LLC*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-009-MOC-DCK**

| | |
|---|---|
| **DELORIS GASTON, AND LEONARD GASTON,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) ) |
| **LEXISNEXIS RISK SOLUTIONS, INC., and POLICEREPORTS.US, LLC,** | ) ) ) |
| **Defendants.** | ) ) |

**DECLARATION OF (NAME) UNDER STIPULATED PROTECTIVE ORDER**

**I DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, upon written request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 20____.

_____
QUALIFIED PERSON