# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-009-KDB-DCK

| | |
|---|---|
| DELORIS GASTON, and <br> LEONARD GASTON, <br><br> Plaintiffs, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS, INC., and <br> POLICEREPORTS.US, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion To Compel Discovery Responses" (Document No. 72). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Deloris Gaston and Leonard Gaston ("Plaintiffs") initiated this lawsuit with the filing of a "Class Action Complaint" (Document No. 1) on January 12, 2016. Plaintiffs then filed a "Class Action Amended Complaint" (Document No. 21) (the "Complaint") on May 12, 2016. The Complaint asserts a cause of action against LexisNexis Risk Solutions, Inc. ("LexisNexis") and PoliceReports.US, LLC ("PoliceReports" or "PRUS") (together, "Defendants") for violation of the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.* ( the "DPPA"). (Document No. 21).

Plaintiffs allege that Defendants obtained Putative Class Representatives' and Class Members' Personal Information from Motor Vehicle Records ("MVRs") maintained by the State Motor Vehicle Department (hereinafter globally referred to as "Personal Information"), for

purposes that violate the DPPA including: processing, re-disclosing, reselling personal information. (Document No. 21, p. 2).

> Defendants acted independently, and in concert, and each knowingly authorized, directed, ratified, approved, acquiesced, or participated, in conduct made the basis of this class action. Defendants obtained Putative Class Representatives' and Class Members' MVRs to use, process, store, re-disclose, and resell Putative Class Representatives' and Class Members' Personal Information, in an enterprise affecting interstate commerce, including as a Direct Market Provider of MVRs, to market and solicit, directly or indirectly, Putative Class Representatives' and Class Members' Personal Identifying Information, without their express consent. Defendants accomplished such activity covertly, without actual notice or express consent, and which information Defendants obtained deceptively, for purposes which included Defendants' commercial gain.

(Document No. 21, p. 3).

On June 7, 2016, Defendants filed a "…Motion To Dismiss Plaintiffs' Class Action Amended Complaint" (Document No. 25) pursuant to Fed.R.Civ.P. 12(b)(6). The Honorable Max O. Cogburn, Jr. summarily denied Defendants' motion to dismiss on September 13, 2017. Defendants then filed a "…Motion For Certification Of An Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" (Document No. 36) on October 11, 2017.

Judge Cogburn denied Defendants' motion for an interlocutory appeal on November 13, 2017, stating that "it was clear that plaintiffs had stated a cognizable cause of action." (Document No. 42, p. 3). Judge Cogburn further opined:

> Applying a modicum of common sense to what is a clearly written statute, being involved in a fender bender on the way to work is clearly an insufficient reason to expose protected "personal information" (especially a person's name and home address) to a web audience increasingly inhabited more by identity thieves than boy scouts. Rather than certify what would most likely be a futile and expensive interlocutory appeal, the Court will allow defendants to revisit the legal issue at summary judgment, but only <u>after</u> the close of discovery.

(Document No. 42, p. 6) (citing Hatch v. Demayo, 2017 WL 4357447, at *7-8 (M.D.N.C. Sept. 29, 2017); Senne v. Village of Palatine, Ill., 695 F.3d 597 (7th Cir. 2012); Pichler v. UNITE, 542 F.3d 380, 391 (3d Cir. 2008); Pavone v. Meyerkord & Meyerkord, LLC, 118 F.Supp.3d 1046, 1050 (N.D. Ill. 2015); St. Clair v. Capital One Bank (USA), N.A., 2013 WL 1110810, at *5 (D. Minn. Jan. 22, 2013); and Camara v. Metro-N. R. Co., 596 F.Supp.2d 517, 525 (D. Conn. 2009)).

The Court issued a "Pretrial Order And Case Management Plan" (Document No. 48) on March 6, 2018. The "…Case Management Plan" included the following deadlines: discovery completion – October 1, 2019; mediation report – October 15, 2019; dispositive motions – November 1, 2019, and a trial ready date – February 17, 2020. (Document No. 48).

This case was reassigned to the Honorable Kenneth D. Bell on June 14, 2019.

Plaintiffs' first "…Motion To Compel Discovery Responses And Sanctions and Extend Discovery By 90 Days" (Document No. 57) was filed August 22, 2019. On September 18, 2019, at Plaintiffs' request, the undersigned held a telephone conference to discuss the pending discovery dispute(s) raised in Plaintiffs' motion, as well as "Keith Clinic Estramonte Chiropractic, P.A.'s Motion To Quash…." See (Document Nos. 58, 61, 64). At the conclusion of that telephone conference, the undersigned directed counsel for both sides to further confer in an attempt to resolve their disputes, and encouraged Plaintiffs' counsel to narrow the discovery requests while advising Defendants' counsel that they were going to have to respond more fully to Plaintiffs' discovery requests.

"Keith Clinic Estramonte Chiropractic, P.A.'s Motion To Quash…." was withdrawn on October 1, 2019. (Document No. 68). In addition, Plaintiffs' counsel provided email updates to the undersigned's staff indicating that the issues in their pending motion to compel were being substantially narrowed or resolved. Specifically, on October 18, 2019, Plaintiffs' counsel emailed

3

the undersigned's law clerk, stating: "We believe we are making progress and would like to update the court again next week. I expect that if the dispute is not resolved, the issues will be narrowed substantially."

Plaintiffs' counsel failed to provide an update the next week, or the week after, and on November 4, 2019, the Court denied the motion to compel, without prejudice. (Document No. 69). On November 7, 2019, Plaintiffs asked the Court to reconsider its denial of the motion to compel and to issue a new order compelling Defendants to respond fully and completely to all of Plaintiff's First and Second Set of Interrogatories and Requests for Production and to comply with a 30(b)(6) notice of deposition. (Document No. 70, 70-1). Contrary to the parties' purported progress resolving their disputes, counsel have not only failed to resolve or narrow the issues, but have now *expanded* their dispute to include *all* of Plaintiffs' discovery requests. (Document No. 72).

Plaintiffs argue that they only discovered on or about November 1, 2019, that Defendants had repeatedly provided improper/incomplete responses to Interrogatory No. 1 by identifying four (4) entities that purchased the Gaston accident report as an *individual* report, and not identifying many other entities that purchased the report as "monthly subscription users" or "monthly subscription holders." (Document No. 70-1). Plaintiffs contend that by withholding this information, Defendants misled Plaintiffs and delayed discovery for months. Id. Plaintiffs further argue that they

> need documents from the Defendant that show all the entities that received the Gastons', and other class members, accident reports. Plaintiffs need records of the Defendants' payments to the law enforcement agencies to confirm that Plaintiffs have received records of all the disclosed accident reports, and to measure the amount that Defendants profited from this activity.

(Document No. 70-1, p. 12).

4

The undersigned denied the "Motion For Reconsideration Of Order On Motion To Compel" (Document No 70), but allowed Plaintiffs an extension of time to file a new motion – following a final attempt by counsel to resolve their discovery disputes. (Document No. 71).

Now pending is "Plaintiffs' Motion To Compel Discovery Responses" (Document No. 72) filed on November 15, 2019. This motion has been fully briefed and is ripe for review and disposition. See (Document Nos. 75, 76, and 77).

### STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--**the court must**, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

By the instant motion, Plaintiffs request that the Court compel Defendants to: "respond completely with respect to Plaintiffs' First Set of Interrogatories dated October 11, 2018, Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents served on May 3, 2019, and Plaintiffs' Notices of Depositions." (Document No. 72). Plaintiffs contend that "[d]espite months of meet and confers between the parties," Defendants "still refuse to answer significant parts of Plaintiffs'" discovery requests. Id. In summary, Plaintiffs argue that

> To prove their case, Plaintiffs need records from the Defendants as to which persons or entities had access to the class members personal information that was contained in accident reports and the number of times that their protected data was disclosed to these third parties. To prove that protected data was disclosed, Plaintiff[s] need the accident reports that were disclosed for all the putative class members. This information would prove the disclosure prong of the statute. 18 U.S.C. § 2724. Further, 18 U.S.C. § 2721(c) provides that an authorized recipient of personal information may resell or redisclose this personal information only for a permitted use under 18 U.S.C. § 2721(b), and that these resellers of personal information "must keep for a period of 5 years records identifying each person or entity that receives information and the permitted purpose for which the information will be used." Therefore, Plaintiffs need the records identifying the person or entities that received the accident reports and the permitted purpose that the person or entities had for obtaining the information. If such information does not exist, Defendants need to say so.

(Document No. 72-1, p. 4).

In opposition, Defendants describe Plaintiffs' demand as a "last-attempt to engage in a fishing expedition in hopes of saving their putative class action." (Document No. 75, p. 1). Defendants contend that discovery to date has "confirmed Plaintiffs have no factual or legal support for the allegations in their Amended Complaint." Id.

Based on the briefing and the September telephone conference with the Court, it appears to be Defendants' view – despite Judge Cogburn's Orders to the contrary – that Plaintiffs' case is without merit, and therefore, Defendants are not required to fully participate in discovery. See (Documents No. 25, 42 and 75); see also (Document No. 72-9). After declining to provide evidence through the discovery process, Defendants reach the self-serving conclusion that "discovery has confirmed that Plaintiffs have **no evidence** to support [their] allegations." (Document No. 75, p. 2) (emphasis added); See also Id. at 7 ("Plaintiffs have no admissible evidence to meet their burden…."); and Id. at 14 and 15.

Defendants argue that Plaintiffs seek discovery that is overly broad and disproportionate and contend they have "acted in good faith and proposed a reasonable compromise to Plaintiffs, which the Court should accept." (Document No. 75, p. 17). Defendants assert that the motion to compel should be denied, or in the alternative, the Court should limit the scope of discovery based on Defendants' proposals. (Document No. 71, p. 19).

In reply, Plaintiffs note that Defendants have stated via letter that they would not be providing any documents or answer to Plaintiffs' Second Set of Interrogatories and Requests for Production. (Document No. 77, p. 2) (citing Document No. 72-9). Plaintiffs contend that Defendants want "to stall, prevent discovery in the case, and run out the discovery clock." (Document No. 77, p. 3).

Plaintiffs go on to explain that they just recently were informed for the first time of new details about how monthly subscription customers viewed or downloaded accident reports. (Document No. 77, p. 6). Plaintiffs assert that Defendants have not kept records related to these subscription customers as required by the DPPA, but that if Defendants respond appropriately to discovery requests, "Plaintiffs can seek more testimony and evidence from third parties such as Digital Solutions." Id. See also (Document No. 77-3). Plaintiffs identify Digital Solutions as a monthly subscription customer that Defendants only recently acknowledged. Id. Plaintiffs suggest there are additional monthly subscription customers who likely have relevant information.

Plaintiffs conclude that Defendants should be compelled to "fully answer all Interrogatories and produce documents pursuant to all Requests for Production." (Document No. 77, p. 15).

It is unfortunate that capable counsel on both sides of this lawsuit have failed to at least narrow the issues in this discovery dispute, even after multiple conversations and correspondence with each other and a telephone conference with the Court. After careful consideration of the record and the parties' briefs and attachments, as well as arguments during the Court's telephone conference, the undersigned finds that the motion to compel should be granted. As noted above, the rules of discovery are to be accorded broad and liberal construction, and the undersigned finds that much of the information sought by Plaintiffs is proportional to the needs of this case, and thus discoverable. The admissibility of that information will be a decision for another day.

Defendants shall provide full responses or amend/supplement their responses to Plaintiffs' discovery requests as follows:

**Plaintiffs' First Set of Interrogatories**

> **No. 1** – Defendants shall supplement response to include requested identification information for all monthly subscription users/subscribers who could have accessed any of the Gastons' accident reports.

**No. 2** – Defendants shall supplement response.

**No. 3** - Defendants shall provide supplemental response confirming position.

**No. 4** - Defendants shall provide supplemental response confirming position.

**No. 5** - Defendants shall provide the total number of accident reports the Charlotte-Mecklenburg Police Department ("CMPD") transmitted to PoliceReports.US ("PRUS") from January 1, 2012 to present.

**No. 6** - Defendants shall supplement response, to the extent the information is not already provided in their supplement to No. 1.

**No. 9** - Defendants shall supplement response.

**No. 10** - Defendants shall supplement response with organizational charts with employees names and positions – as offered by Defendants.

**Plaintiffs' Second Set of Interrogatories**

**No. 15** - The undersigned finds this request to be overly broad; however, Defendants shall amend/supplement response to identify persons "who have knowledge of the policies, practices and procedures you employed concerning the manner of assessing whether or not your customers or users of your accident data were 'permitted users' as defined by 18 U.S.C. 2721, *et. seq.*" To the extent Defendants contend responsive information is privileged, they shall provide a privilege log.

**No. 16** - Further supplementation not required.

**No. 17** - Defendants shall amend/supplement response to identify "all policies, practices or procedures the Defendants used, at any time during the relevant time period, to assess whether or not your customers or users of your accident data were 'permitted users' as defined by 18 U.S.C. 2721, *et. seq*. Your response to this request should include a description of any proposed or implemented changes to that policy, practice, or procedures used during that time frame.

**Plaintiffs' Second Set of Requests for Production of Documents**

**No. 2** - The undersigned finds this request to be overly broad; further supplementation not required.

**No. 4** - Defendants shall supplement response to the extent necessary to provide requested documents as to the Gastons.

**No. 5** - Defendants shall produce responsive documents from the relevant time period.

**No. 6** - Defendants shall produce responsive documents from the relevant time period.

**No. 7** - Defendants shall produce documents as they have indicated they will. See (Document No. 76, p. 14).

**No. 8** - Defendants shall produce documents as they have indicated they will. See (Document No. 76, p. 14).

**No. 9** - Defendants shall produce responsive, non-privileged documents from the relevant time period, including: all correspondence of any kind between Defendants and a third-party or customer regarding permissive use as defined by 18 U.S.C. 2721, *et. seq*, or any other statute, including all correspondence between CMPD and Defendants.

**No. 10** - Defendants shall produce responsive documents from the relevant time period.

**No. 11** - Defendants shall produce responsive documents from the relevant time period.

**No. 12** - Defendants shall produce responsive documents from the relevant time period.

**No. 14** - Defendants shall produce responsive, non-privileged documents from the relevant time period.

**No. 15** - Defendants shall produce responsive, non-privileged documents from the relevant time period.

**No. 17** - No further response required.

**No. 18** - Defendants shall respond to the extent there are commercial agreements for the purchase or sale of accident reports between Defendants and third parties, that Defendants have not already produced. The Court declines to compel *all* related documents and ESI.

**No. 19** - Defendants shall produce copies of all contracts between Defendants and CMPD and all law enforcement agencies in New York. The Court declines to compel *all* related documents and ESI.

**No. 20** - Defendants shall produce responsive documents including correspondence with CMPD and law enforcement agencies in New York regarding the DPPA.

**No. 21** - Defendants shall produce documents showing sales and revenue from the sale of accident reports from CMPD and law enforcement agencies in New York.

**No. 22** - Defendants shall provide responsive documents, including organizational charts for both Defendants, as requested.

**No. 27** - It appears this request is currently "off the table." No further action required at this time.

**No. 28** - Defendants shall supplement response as proposed. See (Document No. 76, p. 18).

**No. 29** - No production required at this time.

**No. 30** - No production required at this time.

**No. 31** - No production required at this time.

To the extent necessary, the parties shall work together to clarify search terms and appropriately deal with confidential and/or privileged documents consistent with the Rules and the "Joint Stipulated Protective Order…" (Document No. 57) in a good faith effort to provide responses consistent with the directions stated above. Defendants shall also make representatives available for Rule 30(b)(6) depositions.

Pursuant to Fed.R.Civ.P. 37(a)(5)(A), Defendants shall pay Plaintiffs' reasonable expenses, including attorneys' fees, associated with preparing and filing Document Nos. 72 and 77.

**IT IS, THEREFORE, ORDERED** that "Plaintiffs' Motion To Compel Discovery Responses" (Document No. 72) is **GRANTED**. Defendants shall provide full and complete discovery responses as directed herein, on or before **January 13, 2020**.

**IT IS FURTHER ORDERED** that Defendants' counsel shall confer with Plaintiffs' counsel by telephone or in person, on or before **January 20, 2020**, in a good faith attempt to

arrange Defendants' payment of reasonable expenses and attorney's fees as directed herein. If counsel for the parties are unable to resolve the issue of expenses and fees without further Court intervention, Plaintiffs' counsel may file a motion with appropriate supporting documentation that seeks such relief on or before **January 24, 2020**.

**IT IS FURTHER ORDERED** that the case deadlines are revised as follows: discovery completion – **March 13, 2020**; mediation report – **March 27, 2020**; dispositive motions – **April 10, 2020**; trial – **September 21, 2020**.

**SO ORDERED**.

Signed: December 20, 2019

David C. Keesler
United States Magistrate Judge