# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-009-KDB-DCK

| | |
|---|---|
| **DELORIS GASTON and LEONARD GASTON, on behalf of themselves and all others similarly situated,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER** |
| **LEXISNEXIS RISK SOLUTIONS, INC., and POLICEREPORTS.US, LLC,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Seal" (Document No. 83) filed January 3, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

By the pending motion, Defendants seek "to seal certain portions of Josh Beasley's Declaration in support of Defendants' Objections to the Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery Responses." (Document No. 83, p. 1); see also (Document No. 82-7). Defendants contend that Beasley's Declaration "contains confidential and sensitive information relating to Defendants' internal procedures, databases and log." (Document No. 83-1, pp. 1-2).

In response, Plaintiffs argue that the Declaration does not contain confidential or proprietary information. (Document No. 85, p. 3). Moreover, Plaintiffs assert that the

Declaration should be made publicly available so they can probe its veracity with state Attorney Generals and the Charlotte Mecklenburg Police Department. (Document No. 85, pp. 2-3).

In reply, Defendants argue that unsealing is unnecessary because the "Joint Stipulated Protective Order…" provides procedures for sharing confidential information with third parties. (Document no. 88, pp. 2-3) (citing Document No. 57, ¶¶ 5-6).

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**    *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**    *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.
>
> **(c)**    *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>> **(1)**    A non-confidential description of the material sought to be sealed;
>> **(2)**    A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
>> **(3)**    Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and

          **(4)**    Supporting statutes, case law, or other authority.

Local Rule 6.1.

At this time, the undersigned will allow Beasley's "Declaration" (Document No. 84) to remain under seal. The undersigned observes that a redacted version has been publicly filed and that Plaintiffs' counsel has access to the redacted paragraphs. See (Document No. 82-7; Document No. 85, pp. 3-4). The undersigned also notes that the Court recently allowed Plaintiffs to make similar filings, both sealed and redacted, regarding the "Affidavit of Kevin Creech." See (Document Nos. 77-3, 78, 79, and 80).

Based on the foregoing, the undersigned will grant the motion; however, the Court reserves the right to unseal the totality of Beasley's Declaration at a later date, following full consideration of "Defendants' Objections To The Magistrate Judge's Order On Plaintiff's Motion To Compel Discovery Responses" (Document No. 82) and/or other circumstances or information.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Seal" (Document No. 83) is **GRANTED**. Josh Beasley's "Declaration" (Document No. 84) shall remain under seal until otherwise ordered by the Court.

**SO ORDERED**.

Signed: February 4, 2020

David C. Keesler
United States Magistrate Judge