# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-00009-KDB-DCK

| | |
|---|---|
| DELORIS GASTON AND LEONARD GASTON, <br><br> Plaintiffs, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS, INC. AND POLICEREPORTS.US, LLC, <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendants' Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery Responses (Doc. No. 82). While Defendants are obviously of the opinion that Plaintiffs' claims have no merit, this hardly novel defense position does not afford Defendants the right to avoid discovery within the broad (but not unbounded) reach of the Federal Rules of Civil Procedure. Whether or not Defendants' view of the facts and applicable legal principles prevails when it is time for the Court or a jury to actually consider the merits (and now is plainly not that time), their unilateral view of the case cannot delimit the scope of permissible discovery, as the Magistrate Judge properly concluded. Accordingly, after careful consideration of the Magistrate Judge's Order, (Doc. No. 81) (the "Order"), and the parties' respective arguments, the Court will **OVERRULE** the Defendants' objections and **AFFIRM** the Order.

1

# I. DISCUSSION

The parties do not dispute the Magistrate Judge's statement of the governing facts and procedural history of this matter, which will accordingly be adopted by the Court and not fully repeated here. *See* Doc. No. 81 at 1-5.

Defendants raise four objections to the Order. First, Defendants object to the grant to Plaintiffs' of their reasonable expenses, including attorneys' fees, incurred in filing their Motion. Second, they contend that the Magistrate Judge erroneously ordered Defendants to produce documents "showing sales and revenue data from the sale of accident reports." Third, Defendants ask the Court to limit all of Plaintiffs' document requests to the Charlotte-Mecklenburg Police Department ("CMPD") and New York law enforcement agencies rather than only those requests that are so limited by the Order. Finally, Defendants ask the Court to limit the deposition topics for the 30(b)(6) depositions of Defendants ordered by the Magistrate Judge to those proposed by Defendants.

Generally speaking, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial to be discoverable. *Id.* Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))).

Thus, the rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979) and *Hickman v. Taylor*, 329 U.S. 495, 507(1947). Further, whether to grant or deny a motion to compel discovery is generally left within a district court's broad discretion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel). Rule 37(d) of the Federal Rules of Civil Procedure gives the district court discretion to impose sanctions for a party's failure to comply with its discovery orders. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). A District Court reviews a Magistrate Judge's order granting a motion to compel under Fed. R. Civ. P. 72(a), which provides that a District Court may reverse such a ruling only if it is "clearly erroneous or contrary to law." Fed. R. Civ. Pro. 72(a).

In their Motion to Compel, Plaintiffs argued that Defendants had repeatedly provided improper or incomplete responses to their interrogatories by identifying only the few entities that had purchased the named Plaintiff's accident report as an individual report, but not identifying many others that purchased the report as "monthly subscription users" or "monthly subscription holders." (Document No. 70-1). Plaintiffs further argued that they need documents from the Defendant that show all the entities that received the Plaintiff's and other class members' accident reports as well as records of the Defendants' payments to law enforcement agencies to confirm that Plaintiffs have received records of all the disclosed accident reports and to measure the amount that Defendants profited from this activity. (Document No. 70-1, p. 12).

The Magistrate Judge summarized Defendants' position as follows:

> Based on the briefing and the September telephone conference with the Court, it appears to be Defendants' view – despite Judge Cogburn's Orders to the contrary – that Plaintiffs' case is without merit, and therefore, Defendants are not required to fully participate in discovery. See (Documents No. 25, 42 and 75); see also (Document No. 72-9). After declining to provide evidence through the discovery process, Defendants reach the self-serving conclusion that "discovery has confirmed that Plaintiffs have **no evidence** to support [their] allegations." (Document No. 75, p. 2) (emphasis added); See also Id. at 7 ("Plaintiffs have no admissible evidence to meet their burden…."); and Id. at 14 and 15.

The Magistrate Judge then found that, "… the motion to compel should be granted. As noted above, the rules of discovery are to be accorded broad and liberal construction, and the undersigned finds that much of the information sought by Plaintiffs is proportional to the needs of this case, and thus discoverable. The admissibility of that information will be a decision for another day." The Magistrate Judge ordered Defendants to provide full responses or amend/supplement their responses to Plaintiffs' discovery requests as described in his order. *See* Doc. No. 81 at 8-11. The Order also held, pursuant to Fed. R. Civ. P. 37(a)(5)(A), that Defendants must pay Plaintiffs' reasonable expenses, including attorneys' fees, associated with preparing and filing the motions to compel. *Id*. at 11.

In their objections, Defendants contend that the Magistrate Judge erred in awarding attorneys' fees to Plaintiffs because their discovery positions were "substantially justified." While it may be accurate to say that both sides have contributed to delays in discovery, the Court does not find that the Magistrate Judge's award of attorneys' fees, including the implicit finding (supported by the description of Defendants' position quoted above) that Defendants' refusal to produce the requested discovery was not substantially justified, is clearly erroneous or contrary to

law. Therefore, the Court will overrule Defendants' objection and affirm the Order's requirement that Defendants pay Plaintiffs' reasonable attorneys' fees.[1]

The Court similarly finds that the Magistrate Judge did not clearly err or rule contrary to law in ordering Defendants to produce documents "showing sales and revenue data from the sale of accident reports," limiting only some of Plaintiffs' document requests to the Charlotte-Mecklenburg Police Department ("CMPD") and New York law enforcement agencies and requiring Defendants to make representatives available for 30(b)(6) depositions. Therefore, Defendants' objections on those grounds will be overruled. However, Plaintiffs are reminded of their continued obligation "to work together" with Defendants, Doc. 81 at 11, and to reasonably pursue discovery with a focus on the discovery of facts related to the merits of the parties' dispute. Abuse of the discovery process by either party will not be tolerated.

---

[1] Defendants also argue that because the Magistrate Judge accepted some of their discovery positions then the Court should "apportion the reasonable expenses for the motion" pursuant to Rule 37(a)(5)(C). Simply because the Magistrate Judge did not compel responses to each and every discovery request to the full extent sought by Plaintiffs does not mean that the Motion to Compel was not "granted" within the meaning of Rule 37(a)(5)(A) (rather than "granted in part and denied in part" under Rule 37(a)(5)(C)). To hold otherwise would require ignoring the reality that in the context of any discovery dispute involving multiple discovery requests no party's positions are likely to completely prevail. However, in practical effect, there is little difference between a finding that attorneys' fees should be awarded under Rule 37(a)(5)(A) rather than Rule 37(a)(5)(C). In deciding the amount of attorneys' fees, the Magistrate Judge will ultimately consider (along with the other required factors) whether any reduction in requested fees is appropriate based on the court's acceptance of some of the non-moving parties' positions, whether the analysis is done under either 37(a)(5)(A) or (C). *See Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983) (noting that "results obtained" is one of the factors to be considered in determining the amount of a reasonable fee). Accordingly, in this matter the Magistrate Judge should take into account the extent to which the Court accepted Defendants' discovery positions, but with due regard for the importance and level of dispute as to those issues. That is, the Magistrate Judge should not calculate a reasonable attorneys' fee simply based on the relative number of discovery requests where answers or production of documents were not fully compelled but should focus instead on the overall level of the Plaintiff's success. *See Id.* at 435 ("… the fee award should not be reduced simply because the Plaintiff failed to prevail on every contention raised in the lawsuit.").

## II. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Objections to Magistrate Judge's Order on Plaintiff's Motion to Compel Discovery Responses (Doc. No. 82) are **OVERRULED**;

2. The Magistrate Judge's Order (Doc. No. 81) is **AFFIRMED**; and

3. The Magistrate Judge shall rule on the merits of the pending motion for attorneys' fees (Doc. No. 89).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 9, 2020

Kenneth D. Bell
United States District Judge