# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-009-KDB-DCK

| | |
|---|---|
| **DELORIS GASTON and LEONARD GASTON,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) **ORDER** |
| | ) |
| **LEXISNEXIS RISK SOLUTIONS, INC., and POLICEREPORTS.US, LLC,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion For Fees" (Document No. 89) filed January 24, 2020. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

By the instant motion, Plaintiffs' counsel seek an award of fees for the drafting of "Plaintiffs' Motion To Compel Discovery Responses" (Document No. 72) and Plaintiff's "Reply In Support Of Motion To Compel Discovery" (Document No. 77). (Document No. 89, p. 1). Plaintiffs seek a total of $19,832.50. (Document No. 89-1).

The undersigned notes that the underlying motion to compel was granted on December 20, 2019 and affirmed on March 9, 2020. See (Document Nos. 81 and 95). In affirming the Order granting the motion to compel, the Honorable Kenneth D. Bell specifically stated that the Court "affirm[s] the Order's requirement that Defendants pay Plaintiffs' reasonable attorneys' fees." (Document No. 95, p. 5).

In opposition to the instant motion for fees, Defendants first argue that the motion should be denied for the reasons stated in their Objections to the Order granting the motion to compel. (Document No. 91) (citing Document No. 82). Defendants' first argument is unavailing since the Court rejected Defendants' Objections and affirmed the Order granting the motion to compel. (Document No. 95).

Next, Defendants argue that Plaintiffs' motion for fees fails because there is no evidentiary support justifying the reasonableness of their fees. (Document No. 91, pp. 2-3). Defendants note that "[t]he burden is on the party requesting fees and costs to demonstrate, by clear and convincing evidence, that the fees and costs requested are reasonable." (Document No. 91, p. 2) (quoting BAM Capital, LLC v. Houser Transp., Inc., 5:19-CV-105-KDB-DCK, 2020 WL 97458, at *2 (W.D.N.C. Jan. 8, 2020). Defendants conclude that Plaintiffs have not met their burden here because they have not provided affidavits or other evidence supporting the market rate for similar work. Id. at 3.

In reply, Plaintiffs acknowledge they are "unaware of the current prevailing rates of other attorneys in Asheville, North Carolina," and suggest that the relevant market is actually Charlotte, North Carolina. Plaintiffs summarize the efforts related to the requested fees, as well as the impressive credentials of Plaintiffs' counsel, but still decline to provide any evidence regarding the reasonableness of their fees and/or the rates of attorneys in the Charlotte market for similar work. (Document No. 92).

As previously decided, and as affirmed by Judge Bell, an award of fees is appropriate. See (Document Nos. 81 and 95); see also Fed.R.Civ.P. 37(a)(5)(A) and (C). The remaining determination is simply the amount of fees to be awarded. Unfortunately, Plaintiffs have provided minimal information or authority to assist the Court's determination.

The undersigned finds the case identified by Defendants, BAM Capital, LLC v. Houser Transp., Inc., to be instructive here. See (Document No. 91). In that decision, Judge Bell included the following legal authority:

> "In Hensley, the Supreme Court noted that '[t]here is no precise rule or formula' for determining the amount of attorneys' fees, and that district courts 'necessarily [have] discretion' in such matters." *Kanawha County Bd.*, 571 F.3d at 387 (quoting Hensley, 461 U.S. at 436-37). The burden is on the party requesting fees and costs to demonstrate, by clear and convincing evidence, that the fees and costs requested are reasonable. *EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 572 (E.D.Va. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987)); *see also Bland v. Fairfax Cty.*, 2011 WL 5330782, at *3 (E.D. Va. Nov. 7, 2011).
>
> In determining a reasonable fee, the court employs the twelve-factor test set out by the Supreme Court in Hensley:
>
>> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> *Hensley*, 461 U.S. at 430 n. 3 & 434 (adopting same from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley,* 461 U.S. at 433. This is the "lodestar" approach, which is regularly employed in numerous contexts in which Federal courts are called upon to determine the amount of reasonable attorneys' fees. *See Kanawha County Bd.*, 571 F.3d at 387.

> A Plaintiff must "furnish specific support for the hourly rate[s] [it] proposes." *Nutri/System*, 685 F. Supp. at 573. A court must consider the "prevailing market rates in the relevant community" when determining what a reasonable hourly fee is in a given case. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

BAM Capital, LLC, 2020 WL 97459, at *2.

In BAM Capital, Judge Bell found that the plaintiff had provided "limited information" regarding support for the proposed fees and the Court subsequently reduced the requested fees by 25%. Id. at *4. Similarly, in this case Plaintiffs have provided scant support for their rates to assist the Court's consideration. See (Document Nos. 89 and 92).

In deciding an appropriate award of fees, the undersigned is also guided by Judge Bell's specific direction in this case: "the Magistrate Judge should not calculate a reasonable attorneys' fee simply based on the relative number of discovery requests where answers or production of documents were not fully compelled but should focus instead on the overall level of Plaintiff's success." (Document No. 95, p. 5, n.1) (citing Hensley, 461 U.S. at 435 and Fed.R.Civ.P. 37(a)(5)A) and (C)).

Based on the authority set forth above and the deficiencies of the instant motion, as well as the Court's acceptance of a few of Defendants' positions in opposition to the underlying motion to compel, the undersigned will require a slight reduction in the requested fees. The undersigned will reduce Plaintiffs' counsel's reasonable fees by 10%.

**IT IS, THEREFORE, ORDERED** that the "Motion For Fees" (Document No. 89) is **GRANTED**. Defendants shall reimburse Plaintiffs' counsel for reasonable fees in the amount of **$17,849.25**, on or before **September 20, 2020**.

**SO ORDERED.**

Signed: August 14, 2020

David C. Keesler
United States Magistrate Judge