**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No.: 5:16-cv-00009-KDB-DCK**

| | |
|---|---|
| Deloris Gaston and Leonard Gaston, on behalf of themselves and all other similarly situated individuals, | ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| LexisNexis Risk Solutions, Inc., a Georgia Corporation; and PoliceReports.US, LLC, a North Carolina Limited Liability Company, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## RESPONSE TO DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL

During the pendency of Defendants' Motion to Stay, counsel for the parties agreed to a stipulation that has been filed contemporaneously with this response (Dkt. 156). In this stipulation, the parties agreed to an order extending the Court's prior injunction to the entire Rule 23(b)(2) Class as if it decided by a jury verdict form.

The parties continue to discuss a potential resolution of the Gastons' individual claims pending the appeal. However, this Court's Order on Class Certification and Summary Judgment (Dkt. 148) holds that the only remaining issue as to the Gastons' individual claims relates to whether their crash reports were made available or disclosed to a third party without a permissible purpose. Plaintiffs believe that this narrow issue should be stayed pending a ruling on the parties' appeal for purposes of judicial efficiency. However, as stated, the parties

continue discussing and researching the possibility of a stipulation as to the Gastons' remaining individual claim. Plaintiffs will be filing a notice of appeal this week as well as to the denial of a Rule 23(b)(3) class, and the denial of statutory damages for members of Rule 26(b)(2) class. The parties believe the filed stipulation (Dkt. 156) allows Plaintiffs' and Defendants' issues to be presented to the appellate court.

As to the Hatch case (3:19-cv-449), Gastons' counsel maintains that the Hatch case should be stayed as to Mr. Hatch's individual claims, while the class allegations in the Hatch case should be stricken. In their response to the Defendants' Motion to Stay the Hatch case, counsel for Mr. Hatch state that they should still be able to pursue certification of a Rule 23(b)(3) class by marshalling additional facts in their favor, and presumably relying upon the years of work done by counsel in the Gaston case. The first to file rule was formulated to prevent this situation, as argued in the Gastons' Memorandum in Support of their Motion to Intervene in the Hatch case (Hatch Dkt. 54). The class allegations in the Hatch case should be stricken under the first to file rule, and consistent with this Court's previous orders. The individual claims of Mr. Hatch should be stayed pending the appeal in the Gaston case, which will determine if Mr. Hatch will be a part of a Rule 23(b)(3) class, or if he will recover statutory damages as part of the certified Rule 23(b)(2) class (for which there would be no opt-out rights for Mr. Hatch, and Mr. Hatch's individual claims could not proceed to trial.)

This Court noted the denial of certification of the Gastons' proposed damages classes in its Order on Defendants' Motion to Intervene (Hatch Dkt. 70), and also held that the "class allegations in [the Hatch action] are in practical effect the same, particularly with respect to the subclass certified in *Gaston*." Dkt. 70, fn. 1. Therefore, the Gastons' counsel have been appointed to represent the "only class that the Court has determined should be certified." Dkt. 70 at 2. In a

telephone status conference, counsel for Mr. Hatch argued that they were attempting to obtain testimony from third parties that these third parties had reviewed crash reports of the Defendants, and that this evidence could support a Rule 23(b)(3) class in the Hatch case.

However, the Plaintiffs in the Gaston matter already presented to this Court similar evidence that counsel for Mr. Hatch claim they are now working to obtain. For example, the Gastons presented a declaration from Michelle Tran, Owner of 5 Star Auto Collision, located at 4044 South Blvd., Charlotte, North Carolina. *See* Ex. 7 to Plaintiffs' Motion for Summary Judgment, Dkt. 107. Defendants identified 5 Star Auto Collision and Michelle Tran in their Supplementary Responses to Interrogatories dated January 13, 2020. *See* Ex. 2 to Plaintiffs' Motion for Summary Judgment, Dkt. 107, Response No. 2 at p. 3. In these supplementary interrogatory responses, Defendants revealed that 5 Star Auto Collision was a subscription customer of the Defendants who logged into PRUS' web portal within five days of the date of Plaintiffs' January 24, 2012 and March 15, 2012 crash reports and therefore could have accessed the Gastons' crash reports.

Ms. Tran testified that as owner of 5 Star Auto Collison, she maintained an "accident report unlimited access subscription" with the Defendants from at least January 1, 2012 to the present date." (March 10, 2020) *Tran Declaration*, ¶ 4. She testified that her staff "opens each accident report" and then calls prospective clients in order to determine the model year of the vehicle involved in the accident. *Id.* at ¶ 6. She then testified that after obtaining the vehicle owner and phone number from the crash report, her "staff calls the vehicle owner to provide our shop information". *Id.* at ¶ 7. Therefore, Ms. Tran testified that 5 Star Auto Collision opened each crash report made available by the Defendants, and used the personal information contained within to market and solicit new customers.

3

Similarly, William Ramirez, owner of WRG Paint and Body, provided a declaration in this matter. *See* Ex. 6 to Plaintiffs' Motion for Summary Judgment, Dkt. 107. Defendants also identified WRG Paint and Body, located at 559 Griffith Road, Charlotte, North Carolina, as a subscription customer that logged into the PRUS' web portal within five days of the posting of the Gastons' crash reports. *See* Ex. 2 to Plaintiffs' Motion for Summary Judgment, Dkt. 107, Response No. 2 at p. 4. Mr. Ramirez testified that WRG Paint and Body had a monthly subscription account continually from at least May or June 2012 until the end of February 2020. *Ramirez Declaration* at ¶ 4. (The WRG Paint and Body monthly subscription must have been from at least March 20, 2012, as WRG Paint and Body logged into the Defendants' crash report system by at least that date, according to Defendants' records.)

Mr. Ramirez testified that "after opening and viewing *each* accident report on the Police.ReportsUS/LexisNexis website, I (or my staff) would use the information shown on the accident reports to market or make offers to prospective customers who may be in need of our body shop services." *Id.* at ¶ 7 (emphasis added). He further testified that "I (or my staff) was required to open *each* accident report, one at a time, to determine if we wanted to market a particular vehicle owner." *Id.* at ¶ 6 (emphasis added).

Finally, Son Doan, owner of Charlotte Paint and Body, provided a deposition in this matter. *See* Ex. 5 to Plaintiffs' Motion for Summary Judgment, Dkt. 107. The Defendants also identified Charlotte Paint and Body as a subscription customers that logged into the PRUS' website within five days of the Gastons' reports. *See* Ex. 2 to Plaintiffs' Motion for Summary Judgment, Dkt. 107, Response No. 2 at p.4. Mr. Doan testified that Charlotte Paint and Body was a monthly subscription customer of the Defendants during the entire class period, beginning prior to January 1, 2012, and continuing until the present day. *Dep. of Sol Doan*, 14:12-15:22; 29:5-20; 47:7-24.

4

He testified that every day of the business week, Monday through Friday, he had two employees review all of the crash reports made available that day on the Defendants' website. *Id.* at 51:10-23. These employees logged into the Defendants' website no later than 9:00AM each day to begin the process of reviewing all the crash reports available that day, and then selecting vehicle owners for solicitation and marketing of the body shop's services. *Id.* at 40:20-23. He testified that the reports would disappear from the website "probably in one week" or less than a week, as new reports cycled onto the website. *Id.* at 56:17-57:5. But Mr. Doan didn't know the exact time period for old reports to cycle off the website, because Charlotte Paint and Body reviewed the website and crash reports every day, and therefore never needed to go back to review older reports. *Id.* at 56:17-25. Mr. Doan testified that Charlotte Paint and Body never had authority from the persons in the crash report to review their personal information on the Defendants' website. *Id.* at 60:9-61:18. Mr. Doan testified that they opened up each crash report to determine the value of the vehicle and therefore determine who they wanted to market and solicit. *Id.* at 66:17-67:15. Mr. Doan testified they opened "every accident report each day" on the Defendants' website and they did this "daily." *Id.* at 67:7-23. Mr. Doan further testified that on each Monday, the PoliceReports.US/LexisNexis website would have the crash reports from the prior Saturday and Sunday, and that Charlotte Paint and Body Shop reviewed all of those weekend crash reports each Monday. *Id.* at 67:24-68:20. Mr. Doan testified clearly that Charlotte Paint and Body Shop opened up each accident report separately. *Id.* at 68:22-69:2.

Therefore, the Gastons have already presented uncontroverted evidence from multiple entities that unauthorized third-parties opened and reviewed each and every crash report made available by the Defendants to subscription customers throughout the entire class period. These entities testified that their sole reason for reviewing each crash report was to market and solicit

individuals named on the crash reports using the DPPA personal information contained in each crash report. In sum, the Gastons have presented the evidence that Mr. Hatch says he may obtain.

This Court denied a money damages class because it held that "it is not a superior procedure given the Defendants' right to challenge damages individually based on whether a particular person's Crash Report was disclosed for an improper purpose under the DPPA." Dkt. 148 at 27. This ruling would remain consistent even if Mr. Hatch presents similar evidence to this Court. The Gastons also argued that the Defendants failure to keep adequate records under the DPPA as to which reports were viewed by the third parties should be held against the Defendants, and prevent the Defendants from obtaining individual trials as to each driver and vehicle owner. This Court ruled otherwise, and its ruling will equally prevent Mr. Hatch from obtaining a Rule 23(b)(3) class. Therefore, the individual claim of Mr. Hatch should be stayed pending an appeal in the Gaston case, and the class allegations in the Hatch Complaint should be stricken.

Dated: September 28, 2020

/s/ *David M. Wilkerson*
Larry McDevitt
N.C. State Bar No. 5032
David Wilkerson
N.C. State Bar No. 35742
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Telephone: (828) 258-2991
Facsimile: (828) 257-2767
E-mail: lmcdevitt@vwlawfirm.com
E-mail: dwilkerson@vwlawfirm.com

Eugene C. Covington, Jr.
SC State Bar #1422
Eugene C. Covington, Jr., P.A.
PO Box 2343

Greenville, SC 29602
Telephone: 864-240-5502
gcovington@coypatlaw.com
(Admitted *Pro Hac Vice*)

Chris Cogdill
SC State Bar #15586
Christopher L. Cogdill, P.A.
1318 Haywood Road
Greenville, S.C. 29615
Telephone: 864-233-7170
chris@cogdill-law.com
(Admitted *Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I certify that on September 28, 2020, I electronically filed the foregoing document with the

Clerk of the Court using the CM/ECF system which will send notification to counsel of record. In

addition, I electronically mailed the foregoing document to the following counsel of record in the

Hatch case:

Drew Brown
Benson, Brown, & Faucher, PLLC
822 N. Elm St.
Suite 200
Greensboro, NC 27401
(336)478-6000
Email: dbrown@bbflaw.com

Frederick L. Berry
Higgins Benjamin, PLLC
301 N. Elm Street, Suite 800
Greensboro, NC 27401
336-274-4782
Fax: 336/379-8592
Email: fberry@greensborolaw.com

J. David Stradley
White & Stradley, PLLC
3105 Charles B. Root Wynd
Raleigh, NC 27612
919-844-0400
Fax: 919-845-9745
Email: stradley@whiteandstradley.com

James Robert Faucher
Brown, Faucher, Peraldo & Benson, PLLC
822 N Elm St.
Suite 200
Greensboro, NC 27401
336-478-6000
Fax: 336-273-5597
Email: james@greensborolawcenter.com

John Francis Bloss , Sr**.**
Higgins Benjamin, PLLC
301 North Elm Street, Ste. 800
Greensboro, NC 27401
336-273-1600
Fax: 336-274-4650
Email: jbloss@greensborolaw.com

/s/ David M. Wilkerson
David M. Wilkerson