# EXHIBIT A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### Statesville Division
### Civil Action No. 5:16-cv-00009 – KDB-DCK

DELORIS GASTON, *et al.*,        )
                                    )
        Plaintiffs,          )
                                    )
v.                                 )
                                    )    **SETTLEMENT AGREEMENT**
LEXISNEXIS RISK SOLUTIONS INC., *et al.*,  )    **AND RELEASE**
                                    )
        Defendants.        )

# TABLE OF CONTENTS

**Page**

1. RECITALS ......................................................................................................... 1
2. DEFINITIONS .................................................................................................... 5
3. MOTION FOR PRELIMINARY APPROVAL ................................................ 9
4. RULE 23(b)(2) SETTLEMENT ....................................................................... 10
   4.1 Certification of Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass ................................................................................ 10
      4.1.1 Class Definition ................................................................................ 10
      4.1.2 No Right to Opt Out ......................................................................... 10
      4.1.3 Class Certified for Settlement Purposes Only ............................. 11
      4.1.4 CAFA Notice ..................................................................................... 11
   4.2 Injunctive Relief .......................................................................................... 12
      4.2.1 Agreed Injunctive Relief ................................................................. 12
      4.2.2 Timetable for Implementation of Injunctive Relief ..................... 16
      4.2.3 Sunset Provision ............................................................................... 16
      4.2.4 Limitations on Injunctive Relief .................................................... 17
   4.3 Rule 23(b)(2) Settlement Class Service Awards and Attorneys' Fees ................ 17
      4.3.1 Service Award to the Named Plaintiffs ......................................... 17
      4.3.2 Attorneys' Fees Amount ................................................................. 17
      4.3.3 Payment Schedule ............................................................................ 18
   4.4 Rule 23(b)(2) Settlement Class Release .................................................... 19
      4.4.1 Scope of Release ............................................................................... 19
      4.4.2 Waiver of Class Action and Mass Action Procedural Devices .............. 20
      4.4.3 Waiver of California Civil Code §1542 ......................................... 21
      4.4.4 Binding Release ................................................................................ 22
5. ENTRY OF FINAL JUDGMENT AND ORDER ........................................... 22
6. TERMINATION ............................................................................................... 23
7. MISCELLANEOUS PROVISIONS ................................................................ 25
   7.1 Best Efforts to Obtain Court Approval .................................................... 25
   7.2 No Admission ............................................................................................... 25
   7.3 Process for Resolution of Disputes Regarding Compliance with Settlement Agreement .............................................................................. 27

TABLE OF CONTENTS
(continued)

7.4     Court's Jurisdiction ................................................................................ 28

7.5     Settlement Notices ................................................................................ 28

7.6     Administrative Costs ............................................................................. 30

7.7     Taxes ..................................................................................................... 30

7.8     Defendants' Communication with Customers, Business Contacts, and
        Members of the Public Defendants reserve the right to communicate with
        their customers, business contacts, and members of the public in the
        ordinary course of business .................................................................. 30

7.9     Class Counsel's Representations .......................................................... 30

7.10    Confidentiality of Discovery Materials and Information ...................... 30

7.11    Complete Agreement ............................................................................ 30

7.12    Headings for Convenience Only ........................................................... 31

7.13    Severability .......................................................................................... 31

7.14    No Party Is the Drafter ......................................................................... 31

7.15    Binding Effect ...................................................................................... 31

7.16    Authorization to Enter Settlement Agreement ..................................... 31

7.17    Execution in Counterparts .................................................................... 32

7.18    No Preclusive Effect ............................................................................ 32

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by Plaintiffs Deloris Gaston and Leonard Gaston (the "Named Plaintiffs") and Defendants PoliceReports.US, LLC ("PRUS"), LexisNexis Risk Solutions Inc. ("LNRS"), LexisNexis Claims Solutions Inc. ("LN Claims"), and LexisNexis Coplogic Solutions Inc. ("LN Coplogic") (the "Defendants") (collectively, the "Parties") and their counsel as of October 7, 2020, in the case captioned *Gaston, et al. v. LexisNexis Risk Solutions Inc., et al.*, Case No. 5:16-cv-00009 (W.D.N.C.), and is submitted to the Court for approval pursuant to Fed. R. Civ. P. 23.

## 1.    RECITALS

WHEREAS, on January 12, 2016, Named Plaintiffs brought a putative class action in the United States District Court for the Western District of North Carolina, alleging that Defendants violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA") by selling crash reports to third parties for marketing and solicitation purposes; and

WHEREAS, the Amended Complaint alleges a claim under the DPPA on behalf of one putative class defined as follows: "All persons in the United States who, on or after, four (4) years prior to the date of this filed complaint, through the final disposition of this or any related actions (the 'Class Period'), had their personal information from motor vehicle records maintained by their State Motor Vehicle Departments used to create a motor vehicle accident report, or whose personal information is contained within a motor vehicle accident report created by a State Motor Vehicle Department, and whose personal information was directly and knowingly obtained, used, re-disclosed, and/or resold, for purposes not authorized by the DPPA, and without their express consent, by the named Defendants" (Am. Compl. ¶ 78);

WHEREAS, Named Plaintiffs moved for class certification (Dkt. No. 101) and summary judgment (Dkt. No. 107), which were opposed by Defendants (Dkt. Nos. 122, 124) on numerous

grounds;

WHEREAS, over Defendants' objection and argument, a limited Rule 23(b)(2) injunctive relief class and subclass were certified by the Court on September 2, 2020 (Dkt. No. 148) and the Court granted summary judgment on Named Plaintiffs' claims for declaratory and injunctive relief with respect to the Rule 23(b)(2) subclass (*id.*);

WHEREAS, Defendants filed a notice pursuant to 28 U.S.C. §§ 1291-92 and the collateral order doctrine, to appeal to the United States Court of Appeals for the Fourth Circuit from the Order of the United States District Court for the Western District of North Carolina, entered on September 2, 2020 (Dkt. No. 148) on September 8, 2020, and Plaintiffs filed a notice pursuant to 28 U.S.C. §§ 1291-92 and the collateral order doctrine, to appeal to the United States Court of Appeals for the Fourth Circuit from the Order of the United States District Court for the Western District of North Carolina, entered on September 2, 2020 (Dkt. No. 148) on October 1, 2020;

WHEREAS, Defendants deny each and every one of Named Plaintiffs' allegations of wrongful conduct and damages, and Defendants have asserted numerous defenses to Named Plaintiffs' claim and disclaim any wrongdoing or liability whatsoever, and Defendants further deny that this matter satisfies the requirements to be tried as a class action under Fed. R. Civ. P. 23; and

WHEREAS, absent this Settlement Agreement, the Parties would have pursued their challenges of the district court's interlocutory order of September 2, 2020 on appeal and otherwise; and

WHEREAS, this Settlement Agreement has been reached after the Parties exchanged discovery and a substantial number of documents and information relevant to the Named Plaintiffs' claims, and is a product of sustained, arm's length settlement negotiations over the course of several mediation sessions; and

-2-

WHEREAS, during the course of the mediation process and negotiations and in light of the district court's interlocutory order of September 2, 2020, the Named Plaintiffs analyzed and acknowledged the risks associated with litigating a Rule 23(b)(3) class; and

WHEREAS, during the course of the mediation process and the negotiations to resolve this matter, the Parties determined that members of the proposed Settlement Class and Subclass may be the subject of a crash report in the future, and therefore, such class members are likely to raise the same issues and concerns regarding Defendants' alleged business practices of disclosing crash reports in the future, whether yet resolved in law or not, unless substantial changes to those practices are implemented in the Settlement Agreement; and

WHEREAS, in light of the above, the most effective way to afford the Settlement Class and Subclass full and final relief in a negotiated resolution of their claims is to implement a program of injunctive relief; and

WHEREAS, during the course of discussing the nature and scope of such injunctive relief, it became apparent that a settlement would need to provide injunctive relief consistently across the country because Defendants operate on a nationwide basis; and

WHEREAS, the injunctive relief detailed in this Settlement Agreement represents a substantial shift from Defendants' current business practices and industry-wide practices for the disclosure of crash reports; and the Named Plaintiffs and Defendants further believe that the injunctive relief provides reasonable practices relating to disclosing crash reports to third parties; and

WHEREAS, the Named Plaintiffs and Defendants recognize the outcome of this matter is uncertain, and that a final resolution through the litigation process could require protracted adversarial litigation and appeals; substantial risk and expense; the distraction and diversion of

-3-

Defendants' personnel and resources and the expense of any possible future litigation raising similar or duplicative claims; and the Named Plaintiffs, Defendants, and their counsel have agreed to resolve this matter as a settlement class action according to the terms of this Settlement Agreement; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable, and adequate in its resolution of the claims brought by the putative class because it: (1) provides for certification of a Fed. R. Civ. 23(b)(2) Settlement Class and Fed. R. Civ. P. 23(b)(2) CMPD Settlement Subclass, and Defendants maintain that certification of any class for trial purposes would not be proper under Fed. R. Civ. P. 23; (2) provides comprehensive current and prospective, industry-changing injunctive relief to the Fed. R. Civ. P. 23(b)(2) Settlement Class and Fed. R. Civ. P. 23(b)(2) CMPD Settlement Subclass; (3) preserves the rights of the Fed. R. Civ. P. 23(b)(2) Settlement Class Members and Fed. R. Civ. P. 23(b)(2) CMPD Settlement Subclass Members to bring an individual lawsuit under 18 U.S.C. § 2724 for claims of any actual damages they claim to have sustained; (4) releases only the equitable claims and claims for punitive damages to the extent available, known or unknown, by any class member based on the DPPA and any analogous state statutes and waives further use of the class action and mass action procedural device; and (5) does not prejudice in any way the Parties' right to raise any of the arguments that the Parties made in this case, including arguments decided by the district court in its interlocutory order of September 2, 2020, in any future litigation.

NOW, THEREFORE, without (a) any admission or concession on the part of Named Plaintiffs of the lack of merit of the Litigation whatsoever, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendants, it is hereby stipulated and agreed by the undersigned, on behalf of the Named Plaintiffs, the Fed. R. Civ. P.

-4-

23(b)(2) Settlement Class, the Fed. R. Civ. P. 23(b)(2) CMPD Settlement Subclass, and the Defendants, that this matter and all claims of the Fed. R. Civ. P. 23(b)(2) Settlement Class and Fed. R. Civ. P. 23(b)(2) CMPD Settlement Subclass be settled, compromised, and dismissed on the merits and with prejudice as to Defendants, subject to Court approval as required by Fed. R. Civ. P. 23, on the terms and conditions set forth herein.

The recitals stated above are true and accurate and are hereby made a part of this Settlement Agreement.

## 2. DEFINITIONS

For the purposes of this Settlement Agreement, including the recitals stated above, the following terms will have the following meanings:

2.1 "eCommerce Web Portal" means the online web portal previously owned by PRUS (policereports.us) and the portal currently owned by LN Claims (policereports.lexisnexis.com) that provides the public with online access to Crash Reports on behalf of law enforcement agencies.

2.2 "Crash Report" means an automobile crash report prepared by a law enforcement agency.

2.3 "CAFA Notice" means notice (in a form substantially similar to that attached as Exhibit B and approved by the Court) of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Section 4.1.4.

2.4 "Claim" and "Claims" mean all claims, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of wrongdoing, and liabilities.

2.5 "Class Counsel" means the attorneys and law firms appointed as class counsel in

-5-

the District Court's interlocutory Order of September 2, 2020, and who will represent the Named Plaintiffs and the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass.

2.6     "Commercial User" or "Commercial Users" refers to those users on the eCommerce Web Portal who have submitted an application and agreement for commercial access to the eCommerce Web Portal and who are billed on a monthly basis for each Crash Report downloaded.

2.7     "Court" means the United States District Court for the Western District of North Carolina where this Litigation is pending.

2.8     "Defendants" mean PoliceReports.US, LLC, LexisNexis Risk Solutions Inc., LexisNexis Claims Solutions Inc., and LexisNexis Coplogic Solutions Inc.

2.9     "Effective Date" means the date on which all appellate rights with respect to the Final Judgment and Order have expired or have been exhausted in such a manner as to affirm the Final Judgment and Order, and when no further appeals are possible, including review by the United States Supreme Court.

2.10    "DPPA" means the federal Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.*

2.11    "DPPA State Equivalents" means any statute or regulation of any State, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the obtainment, use, or disclosure of the same or similar information that meets the definition of "personal information" "from a motor vehicle record" under the DPPA.

2.12    "Final Judgment" or "Final Judgment and Order" means a final judgment and order

-6-

of dismissal entered by the Court in this Litigation granting final approval of this Settlement Agreement (including Class Counsel's request for attorneys' fees, costs, and other expenses and Named Plaintiffs' requests for Service Awards), and entering a judgment according to the terms set forth in this Settlement Agreement.

2.13 "Injunctive Relief" means the injunctive relief program to which the Defendants have agreed and which benefits the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, as further described in Section 4.2.

2.14 "Injunctive Relief Order" means the consent order attached as Exhibit A to this Settlement Agreement and proposed by the Parties for entry by the Court intended to require and accomplish the Injunctive Relief that in no way imposes any obligation, duty or responsibility on the Defendants or creates a right on behalf of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass beyond what is described in the Injunctive Relief.

2.15 "Involved Party" or "Involved Parties" refers to users on the eCommerce Web Portal who are not Commercial Users and who purchase Crash Reports via credit card on a transactional basis. Involved Parties may include, for example, persons involved in the accident, their counsel, or their insurers.

2.16 "Litigation" means the civil action captioned *Gaston, et al. v. LexisNexis Risk Solutions Inc., et al.*, Case No. 5:16-cv-00009, pending in the United States District Court for the Western District of North Carolina.

2.17 "LNRS" means LexisNexis Risk Solutions Inc.

2.18 "PRUS" means PoliceReports.US, LLC.

2.19 "LN Claims" means LexisNexis Claims Solutions Inc., which is the entity that

acquired PRUS on August 4, 2014.

2.20 "LN Coplogic" means LexisNexis Coplogic Solutions Inc.

2.21 "Monthly Subscription Service" means the subscription service offered on the eCommerce Web Portal where customers can access the most recent 750 Crash Reports available from the agency(ies) to which they subscribe.

2.22 "Named Plaintiffs" means Deloris Gaston and Leonard Gaston, collectively and individually.

2.23 "Party" and "Parties" mean the Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) CMPD Settlement Subclass and the Defendants.

2.24 "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order certifying the tentative Rule 23(b)(2) Settlement Class, preliminarily approving the proposed settlement, appointing a Settlement Administrator, and appointing Class Counsel.

2.25 "Released Parties" means LNRS, PRUS, LN Claims, and LN Coplogic and each of their past and present employees, parents and subsidiaries and affiliate corporations or other business entities, members, officers, directors, employees, agents, vendors, contractors, personal representatives, insurers, attorneys, assigns and third-party users.

2.26 "Rule 23(b)(2) Settlement Class" or "Rule 23(b)(2) Settlement Class Members" means all persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report, and (iii) that Crash Report was available for

-8-

purchase via an online solution supported, owned or operated by or on behalf of PoliceReports.US, LLC or LexisNexis Claims Solutions Inc. Excluded from the Rule 23(b)(2) Settlement Class are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

2.27 "Rule 23(b)(2) CMPD Settlement Subclass" or "Rule 23(b)(2) CMPD Settlement Subclass Members" means all persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the Charlotte-Mecklenburg Police Department ("CMPD").

2.28 "Rule 23(b)(2) Settlement Class Released Claims" means those Claims that the Rule 23(b)(2) Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members are releasing, as set forth in Section 4.4.

2.29 "Service Award" means the one-time payment to each of the Named Plaintiffs, for the time and resources each has put into representing the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, as set forth in Section 4.3.2.

2.30 "Settlement Administrator" means, subject to Court approval, American Legal Claim Services LLC.

## 3. MOTION FOR PRELIMINARY APPROVAL

As soon as reasonably practicable after the signing of this Settlement Agreement, the Named Plaintiffs shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement, Conditional Certification of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, and Appointment of Class Counsel that seeks entry of an order that would, for settlement purposes only:

    a)    preliminarily approve this Settlement Agreement;

-9-

b)     certify a conditional settlement class under Fed. R. Civ. P. 23(b)(2) composed of the Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members; and

c)     appoint Class Counsel.

## 4.     RULE 23(b)(2) SETTLEMENT

### 4.1     Certification of Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass

#### 4.1.1    Class Definition

For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiffs and Defendants agree to seek certification of a mandatory, nationwide Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass in the Litigation pursuant to Fed. R. Civ. P. 23(b)(2) as follows:

> Settlement Class: All persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report, and (iii) that Crash Report was available for purchase via an online solution supported, owned or operated by or on behalf of PoliceReports.US, LLC or LexisNexis Claims Solutions Inc.

> Settlement Subclass: All persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the CMPD.

> Excluded from the Settlement Class and Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

#### 4.1.2    No Right to Opt Out

Because the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are being certified as a mandatory class under Fed. R. Civ. P. 23(b)(2), Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members shall not be permitted to

-10-

opt out of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass.

### 4.1.3 Class Certified for Settlement Purposes Only

The Defendants contend that this Litigation could not be certified as a class action under Fed. R. Civ. P. 23 for trial purposes. Nothing in this Settlement Agreement shall be construed as an admission by Defendants that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent Defendants from pursuing the appeal of the Order of the United States District Court for the Western District of North Carolina, entered on September 2, 2020 (Docket No. 148), further opposing class certification or seeking de-certification of the conditionally certified tentative Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason, or if any of the conditions exist that permit Defendants to terminate this Settlement Agreement in accordance with Section 6.

### 4.1.4 CAFA Notice

The Parties agree that Defendants shall serve notice of the settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten days after the filing of this Settlement Agreement with the Court using the Settlement Administrator. A proposed form of CAFA Notice, without the accompanying attachments, is attached as Exhibit B.

The Defendants shall file with the Court a certification of the date upon which the CAFA Notice was served.

The costs of the settlement administrator will be borne by the Defendants and will not be deducted by any amounts awarded to Plaintiffs or Class Counsel for damages, class representation,

attorneys fees, costs, or other expenses.

### 4.2 Injunctive Relief

#### 4.2.1 Agreed Injunctive Relief

Subject to the terms and conditions of this Settlement Agreement, the Named Plaintiffs and Defendants have agreed to move jointly for the Court to enter an injunction applicable to Defendants by consent, which will contain only the terms of the Injunctive Relief as described herein, and as set forth in the Injunctive Relief Order. Plaintiffs pursued this Litigation to address certain practices relating to the disclosure of crash reports on PRUS' eCommerce Web Portal, including the disclosure of Crash Reports for alleged marketing and solicitation purposes. Plaintiffs argued Defendants' practices violated the DPPA. Defendants contest that Crash Reports are subject to the DPPA and otherwise deny that Defendants violated the DPPA. But to resolve this dispute, Defendants have agreed to certain business changes relating to the disclosure of Crash Reports.

The Court will adopt the Injunctive Relief Order attached as Exhibit A to this Settlement Agreement, in which Defendants agree to:

> *1. Implement changes to prohibit the use of Crash Reports purchased on the eCommerce Web Portal for marketing and solicitation uses.*

Defendants agree to: (a) incorporate an express prohibition on marketing and solicitation uses in the End User License Agreement on the eCommerce Web Portal; (b) incorporate an express prohibition on marketing and solicitation in commercial user agreements on the eCommerce Web Portal; and (c) add a user confirmation for no marketing and solicitation use before a Crash Report is purchased on the eCommerce Web Portal.

> *2. Eliminate the Monthly Subscription Service*

Defendants agree to eliminate the Monthly Subscription Service on the eCommerce Web

-12-

Portal.

### 3. Limit the disclosure of Crash Reports.

Defendants agree Crash Reports will only be disclosed if one of the following three conditions are met:

(a) Defendants have redacted the following information (to the extent such information is included in a Crash Report): an individual's photograph, social security number, driver's license number, first name, address (but not the 5-digit zip code), telephone number, and medical or disability information (hereinafter, the "Personal Information"); OR

(b) Defendants have obtained the consent of the person whose Personal Information appears on the Crash Report; OR

(c) The Crash Report is being disclosed to an "authorized recipient" as permitted by 18 U.S. Code § 2721(c) or for one of the following permissible uses as set out in 18 U.S. Code § 2721(b)(1):

(1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

(2) For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

(3)For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
(A)
to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
(B)
if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

-13-

(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

(7) For use in providing notice to the owners of towed or impounded vehicles.

(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

(9) For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

(10) For use in connection with the operation of private toll transportation facilities.

(11) For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

(12) For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

Defendants may paraphrase the permissible uses defined in Section 4.2.1(3)(c)(1)–(14) to the extent it is technologically necessary on the eCommerce Web Portal as long as it does not substantially change the meaning.

If Defendants disclose a Crash Report for one of the permissible uses under the DPPA (as defined in Section 4.2.1(3)(c)), Defendants will meet any obligation to have a "good faith belief" that the Crash Report will be used for a specific purpose permitted by the DPPA through the following means:

(a) With respect to Involved Parties, Defendants will require Involved Parties to affirm their anticipated use as defined in Section 4.2.1(3) before purchasing a Crash Report on the eCommerce Web Portal. Additionally, Defendants will require Involved Parties to enter one of

-14-

the following sets of search criteria to search for a Crash Report on the eCommerce Web Portal:

i. State and jurisdiction and one of the following: Report number; last name and date of incident; last name and street;

ii. State and jurisdiction and at least two of the following: Last name, date of incident, street; or

iii. State, jurisdiction, report number and one of the following: name (first, last) and date of incident; name (first, last) and street.

A law enforcement agency may require that Defendants impose additional search criteria for Involved Parties to search for a Crash Report.

(b) With respect to Commercial Users, Defendants will:

i. Require submission of an application and agreement, including, but not limited to, the purpose of use;

ii. Implement a process to review Commercial Users' stated purpose of the use; and

iii. Reject any application and agreement in which the stated purpose of use references marketing or solicitation or any other use not permitted by 18 U.S. Code § 2721(b)(1).

    *4. Log the users' use selection*

Defendants must keep for a period of five (5) years records identifying each person or entity that receives a Crash Report on the eCommerce Web Portal and the purpose for which the Crash Report will be used.

    *5. Implement employee education and training*

Employees who work with Crash Reports on the eCommerce Web Portal will be required to participate in annual training regarding the requirements of the Injunctive Relief and the DPPA.

-15-

Defendants shall keep records of such training.

### 4.2.2 Timetable for Implementation of Injunctive Relief

**4.2.2.1** With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 4.2.1(3)–(4) within thirty (30) days of the Effective Date.

**4.2.2.2** With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 4.2.1(1)–(2) within three months of the Effective Date.

**4.2.2.3** With respect to the Rule 23(b)(2) Settlement Class, Defendants will implement the Injunctive Relief defined in Sections 4.2.1(1)–(5) within twelve months of the Effective Date.

**4.2.2.4** Notwithstanding Section 4.2.2.1, if Defendants are unable to comply with this deadline, Defendants shall receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

### 4.2.3 Sunset Provision

With respect to the Rule 23(b)(2) Settlement Class, the obligations of Sections 4.2.1 of the Injunctive Relief will expire the earlier of seven years from the Effective Date or November 1, 2027 ("Sunset Date"). With respect to the Rule 23(b)(2) CMPD Settlement Subclass, any relief from the obligations of Sections 4.2.1 of the Injunctive Relief must be obtained from this Court pursuant to Section 7.4.

-16-

### 4.2.4    Limitations on Injunctive Relief

Any action by Defendants determined in good faith to be reasonably necessary to comply with any federal law, enactment, regulation, or judicial ruling shall not constitute a breach of the Settlement Agreement.  In the event that any obligation that Defendants have agreed to undertake as part of the Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling or if the Settlement Class (or any subset) agree to impose less stringent requirements on any competitor of Defendants, then Defendants shall be released from performing such obligation after notice to the Court and Class Counsel.  Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days after receipt of such notice.

### 4.3    Rule 23(b)(2) Settlement Class Service Awards and Attorneys' Fees

### 4.3.1    Service Award to the Named Plaintiffs

In advance of the Court's deadline for submission of objections, Named Plaintiffs shall make an application to the Court for the Court's approval of a Service Award of $10,000.00 for each Named Plaintiff.  Defendants will not oppose a Service Award of $10,000.00 for each Named Plaintiff.

The Parties' negotiation of, and agreement to, the foregoing Service Awards did not occur until after the substantive terms of the settlement had been negotiated and agreed upon.  These Service Awards shall constitute the sole consideration for such individuals being Named Plaintiffs and shall be made separately from any attorneys' fees.

### 4.3.2    Attorneys' Fees Amount

Within ten (10) business days of the Final Approval Hearing, Class Counsel shall make an application to the Court for an award of attorneys' fees, costs, and other expenses, for up to

-17-

$5,130,000.00 for their representation of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, to be paid by the Defendants. Class Counsel's application shall also request that the Court specifically approve all of the terms of this Agreement. Defendants agree to support the application by Class Counsel for attorneys' fees, costs, and other expenses in an amount up to $5,130,000.00, in the aggregate. The $5,130,000.00 award shall include all fees, costs, and other expenses for Class Counsel (and their employees, consultants, experts, and other agents) who performed work in connection with the Litigation of the claims on behalf of the Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members. Regardless of the number of attorneys sharing in the Court's award of attorneys' fees, costs, and other expenses, the Defendants shall not be required to pay any award to Class Counsel that exceeds, in the aggregate, $5,130,000.00 in connection with the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass.

This agreement with respect to attorneys' fees, costs, and other expenses was not negotiated until after the substantive terms of the settlement, including the Injunctive Relief to the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, had been negotiated and agreed upon.

### 4.3.3 Payment Schedule

Within the later of either (a) thirty (30) days after the Effective Date or (b) thirty (30) days after Defendants' receipt of wiring instructions from Class Counsel and receipt of W9 forms completed by the Named Plaintiffs and Class Counsel, Defendants will make payment of the amount of service awards, attorneys' fees, and other expenses approved by the Court up to and not more than $5,150,000.00, in the aggregate, by wire transfer to the agent identified by Class Counsel.

-18-

### 4.4    Rule 23(b)(2) Settlement Class Release

#### 4.4.1   Scope of Release

Upon the Effective Date, the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass shall be deemed to have released any and all equitable claims and claims for punitive damages to the extent available by any Rule 23(b)(2) Settlement Class Member and any Rule 23(b)(2) CMPD Settlement Subclass Member based on the DPPA and any DPPA State Equivalents, and the Released Parties shall be fully, finally, and forever released and discharged from any and all equitable claims and claims for punitive damages to the extent available by any Rule 23(b)(2) Settlement Class Member and Rule 23(b)(2) CMPD Settlement Subclass Member based on the DPPA and any DPPA State Equivalents, arising on or before the Effective Date that Named Plaintiffs and the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass may have had.

After entering into this Settlement Agreement, Named Plaintiffs or the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Named Plaintiffs and the Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent equitable claims and claims for punitive damages to the extent available based on the DPPA and any DPPA State Equivalents against the Released Parties, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts.

Named Plaintiffs and the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass do not release and discharge, but instead preserve, the right of a Rule 23(b)(2)

-19-

Settlement Class Member or Rule 23(b)(2) CMPD Settlement Subclass Member to file an individual lawsuit under 18 U.S.C. § 2724 or DPPA State Equivalents for actual damages sustained before the Effective Date, subject to the waiver of the class action and mass action procedural devices described in Section 4.4.2.

### 4.4.2    Waiver of Class Action and Mass Action Procedural Devices

The Named Plaintiffs and Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members waive their right to pursue any pending and/or future claims pursuant to the DPPA or DPPA State Equivalents against the Released Parties that were or could have been brought in the Litigation, (and that are not otherwise released and discharged by the Settlement Agreement), using the class action procedural device or as a mass action. "Mass action" shall mean any complaint brought on behalf of more than one class member unless the individuals are immediate family members or their personal information appear on the Crash Report. This waiver includes any Claims for actual damages under 18 U.S.C. § 2724, any DPPA State Equivalents, or otherwise. The Named Plaintiffs and the Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members recognize that as part of this Settlement Agreement, Defendants are agreeing to the certification of a tentative Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, even though Defendants expressly deny that this Litigation could be certified as a class action for trial purposes. The Named Plaintiffs and Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members further recognize that they have already availed themselves of the class action procedural device once in this Litigation, and they agree that they shall not be allowed to avail themselves of the class action procedural device a second time in any pending and/or future lawsuit against the Released Parties for Claims that were or could have been brought in the Litigation (and

-20-

that are not otherwise released and discharged by the Settlement Agreement).

### 4.4.3   Waiver of California Civil Code §1542

Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Rule 23(b)(2) Settlement Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Rule 23(b)(2) Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts.  Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members further waive any and all rights and benefits afforded by South Dakota Code § 20-7-11, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542, South Dakota Code Section 20-7-11, and/or any other applicable federal or state law relating to limitations on releases.

-21-

#### 4.4.4 Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection therewith shall affect the dismissal of the Litigation, the res judicata effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

## 5. ENTRY OF FINAL JUDGMENT AND ORDER

The Parties shall jointly seek entry by the Court of a Final Judgment and Order that includes provisions:

a)     granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b)     ruling on Class Counsel's applications for service awards to Named Plaintiffs, attorneys' fees, costs, and other expenses;

c)     enjoining Defendants according to the specific terms applicable to them in Section 4.2;

d)     discharging and releasing the Released Parties, and each of them, from the Rule 23(b)(2) Settlement Class Released Claims as provided in Section 4.4;

e)     permanently barring and enjoining all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Rule 23(b)(2) Settlement Class Released Claims;

f)     permanently barring and enjoining all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members from

-22-

seeking to use the class action and/or mass action procedural device in any pending and/or future lawsuit against any Released Party that asserts Claims that were or could have been brought in the Litigation and that are not otherwise released and discharged by the Settlement Agreement;

g)     directing that the Litigation be dismissed with prejudice and without costs;

h)     stating pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

i)     reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment and Order as provided in Section 7.4.

## 6.     TERMINATION

Defendants' willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of a tentative Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass is dependent upon achieving finality in this Litigation and the desire to avoid the expense of this and other litigation, except to the extent certain individual lawsuits are expressly preserved in Section 4.4.1. Consequently, Defendants have the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Named Plaintiffs or to the Rule 23(b)(2) Settlement Class Members or Rule 23(b)(2) CMPD Settlement Subclass Members, if any of the following conditions subsequent occurs:

a)     the Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Rule 23(b)(2) Settlement Class Claims;

b)      any court requires Defendants, or any of them, to comply with obligations or requirements that are greater than or materially different from the Injunctive Relief;

c)      any court orders the Defendants to pay, in the aggregate, service awards to Named Plaintiffs, attorneys' fees, costs, and other expenses in connection with the Litigation, in excess of $5,150,000.00 in connection with the settlement of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass;

d)      the Court fails to enter a Final Judgment and Order;

e)      the Court fails to enter the Injunctive Relief Order in the form attached as Exhibit A to this Settlement Agreement;

f)      the settlement of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass Claims are not upheld on appeal, including review by the United States Supreme Court;

g)      the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement; or

h)      the Defendants' insurer or insurers refuse to or otherwise fail to fund in full the Rule 23(b)(2) Settlement Class Attorneys' Fees, subject to the exhaustion of the self-insured retention, if the Defendants give notice of the termination of this Settlement Agreement within ten (10) days after the deadline for funding.

The failure of the Court or any appellate court to approve in full the request by Class

Counsel for attorneys' fees, costs, and other expenses shall not be grounds for the Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) CMPD Settlement Subclass, or Class Counsel to cancel or terminate this Settlement Agreement. The failure of the Court or any appellate court to approve in full the request of any Named Plaintiff for his or her Service Award shall not be grounds for the Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) CMPD Settlement Subclass, or Class Counsel to cancel or terminate this Settlement Agreement.

If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

7. **MISCELLANEOUS PROVISIONS**

### 7.1 Best Efforts to Obtain Court Approval

Named Plaintiffs and Defendants, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to Defendants' rights to terminate the Settlement Agreement, as provided herein.

### 7.2 No Admission

This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a) offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiffs or defense asserted by Defendants, of the validity of any Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Named Plaintiffs or Defendants;

b) offered or received by or against Named Plaintiffs or Defendants as a presumption, concession, admission, or evidence of any violation of the DPPA or DPPA State Equivalents, or any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendants, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Judgment and Order including, without limitation, asserting as a defense the release and waivers provided herein;

c) offered or received by or against Named Plaintiffs or Defendants as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants, in any other civil, criminal, or administrative action or proceeding, other than such

-26-

proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then Named Plaintiffs or Defendants may refer to it to enforce their rights hereunder; or

d)      construed as an admission or concession by Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) CMPD Settlement Subclass, or Defendants that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

These prohibitions on the use of this Settlement Agreement shall extend to, but are not limited to, any individual lawsuit for actual damages preserved from release in Section 4.4.1.

### 7.3    Process for Resolution of Disputes Regarding Compliance with Settlement Agreement

If any Settlement Class Member has a claim or dispute regarding Defendants' compliance with the Settlement Agreement, including but not limited to the Injunctive Relief provisions, then such Settlement Class Member first must submit, *pro se* or through counsel, his or her dispute directly to Defendants before taking any other action. Upon receipt of such a dispute, Defendants will investigate the dispute and respond to the Settlement Class Member within thirty (30) days. Defendants' response must state the results of Defendants' investigation of the allegation of non-compliance with the Settlement Agreement and any action taken or to be taken to address the Settlement Class Member's dispute; or, if additional information is required for Defendants to complete their investigation, Defendants' response must identify the specific additional information that is required. Upon the submission to Defendants of all the additional information required (as set forth in Defendants' response), Defendants will have thirty (30) days to complete

-27-

their investigation of the Settlement Class Member's dispute regarding the allegation of non-compliance with the Settlement agreement and to provide a response containing the results of its investigation and any action taken or to be taken to address the dispute.

Within thirty (30) days after the dispute resolution process described above has been completed, the Settlement Class Member may submit his or her dispute regarding the allegation of non-compliance with the Settlement Agreement to the Court under the caption for this Litigation. The Settlement Class Member's submissions to the Court must include copies of all correspondence between the Settlement Class Member and Defendants regarding the dispute prior to the submission. The Court shall have exclusive and sole jurisdiction to resolve the dispute.

This section is not intended to govern or apply to allegations of a violation of state or federal law, such as the DPPA, except as might otherwise relate to Defendants' compliance with this Settlement Agreement.

### 7.4    Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement. The Court also shall retain exclusive jurisdiction over any subsequent claim against any Defendant subject to the dispute process described in Section 7.3 or whether any subsequent suit is released by the Settlement Agreement. Any such subsequent suit against any Defendant necessarily raises the threshold issue of whether the plaintiff in such suit is a member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass in this Litigation such that his or her subsequent suit is prohibited under the terms of this Settlement Agreement.

### 7.5    Settlement Notices

All notices or formal communications under this Settlement Agreement shall be in writing

-28-

and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage pre-paid; or (iii) by overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For the Named Plaintiffs and Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass:

David M. Wilkerson
Larry S. McDevitt
The Van Winkle Law Firm
P.O. Box 7376
Asheville, NC 28802
And
11 N. Market Street
Asheville, NC 28801

Eugene C. Covington, Jr.
Eugene C. Covington, Jr. P.A.
11 Pettigru Street
Greenviille, SC 29601

Christopher L. Cogdill
Christopher L. Cogdill P.A.
1318 Haywood Road, Bld E
Greenville, SC 29615


For Defendants:

Ronald I. Raether, Jr.
Troutman Pepper Hamilton Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614

William Min
Executive Vice President and General Counsel, LexisNexis Risk Solutions
1000 Alderman Drive
Alpharetta, GA 30005

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

-29-

**7.6     Administrative Costs**

Except as provided in Section 4.3.2 regarding Service Awards to Named Plaintiffs, and Section 4.3.1 regarding attorneys' fees, costs, and other expenses as to the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, each of the Named Plaintiffs and the Defendants shall be solely responsible for his, her, or its own costs and expenses.

**7.7     Taxes**

Named Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

**7.8     Defendants' Communication with Customers, Business Contacts, and Members of the Public**

Defendants reserve the right to communicate with their customers, business contacts, and members of the public in the ordinary course of business.

**7.9     Class Counsel's Representations**

To the maximum extent permissible, Class Counsel agrees that up through and including November 1, 2027 it will be a conflict for them to represent consumers in claims against Released Parties on the theories advanced in Plaintiffs' Amended Complaint, and they will not solicit such consumers or cooperate in suits by others prior to that date.

**7.10    Confidentiality of Discovery Materials and Information**

The Parties, their counsel, and any experts in this Litigation, agree that they remain subject to the Court's September 25, 2018 Stipulated Protective Order.

**7.11    Complete Agreement**

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2)

CMPD Settlement Subclass, Defendants, and their counsel. In entering into this Settlement Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein. This Settlement Agreement shall not be modified except by a writing executed by all the Parties.

### 7.12    Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 7.13    Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement Agreement shall continue in full force and effect without said provision to the extent Defendants do not exercise their right to terminate under Section 6.

### 7.14    No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 7.15    Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Named Plaintiffs, the Rule 23(b)(2) Settlement Class, the Rule 23(b)(2) CMPD Settlement Subclass, the Defendants, the Released Parties, and their respective successors and assigns.

### 7.16    Authorization to Enter Settlement Agreement

The individuals signing this Settlement Agreement on behalf of the Defendants represent

-31-

that they are fully authorized by the Defendants to enter into, and to execute, this Settlement Agreement on their behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendants on behalf of Named Plaintiffs, and to enter into, and to execute, this Settlement Agreement on behalf of the Rule 23(b)(2) Settlement Class and the Rule 23(b)(2) CMPD Settlement Subclass, subject to Court approval pursuant to Fed. R. Civ. P. 23(e). Each Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself or herself, and as a representative of and on behalf of the Rule 23(b)(2) Settlement Class and the Rule 23(b)(2) CMPD Settlement Subclass, subject to Court approval pursuant to Fed. R. Civ. P. 23(e).

### 7.17    Execution in Counterparts

Named Plaintiffs, Class Counsel, Defendants, and Defendants' counsel may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement. This Settlement Agreement shall not be deemed executed until signed by all Named Plaintiffs, by all Class Counsel, and by counsel for and representatives of Defendants.

### 7.18    No Preclusive Effect

The Parties agree that this Settlement Agreement, and the final judgment following from the Settlement Agreement, will not prejudice in any way the Parties' right to raise any of the arguments that the Parties made in this case, including arguments decided by the district court in its interlocutory order of September 2, 2020, in any future litigation.

*[Signatures on the following page]*

-32-

Dated: _October 31_, 2020          **PLAINTIFF DELORIS GASTON**

By: _[signature]_
DELORIS GASTON

Dated: _October 31_, 2020          **PLAINTIFF LEONARD GASTON**

BY: _[signature]_
LEONARD GASTON

Dated: _____, 2020          **LEXISNEXIS RISK SOLUTIONS INC.**

By: _____

NAME: _____

POSITION: _____

Dated: _____, 2020          **POLICEREPORTS.US, LLC**

By: _____

NAME: _____

POSITION: _____

-33-

Dated: _____, 2020          **PLAINTIFF DELORIS GASTON**


By: _____
    DELORIS GASTON


Dated: _____, 2020          **PLAINTIFF LEONARD GASTON**


By: _____
    LEONARD GASTON


Dated: __November 2__, 2020          **LEXISNEXIS RISK SOLUTIONS INC.**


By: _____

NAME: William S. Madison

POSITION: Executive Vice President


Dated: __November 2__, 2020          **POLICEREPORTS.US, LLC**


By: _____

NAME: William S. Madison

POSITION: Executive Vice President


-33-

Dated: **November 2**_____, 2020

**LEXISNEXIS CLAIMS SOLUTIONS INC.**

By: _____

NAME: William S. Madison

POSITION: Executive Vice President

Dated: **November 2**_____, 2020

**LEXISNEXIS COPLOGIC SOLUTIONS INC.**

By: _____

NAME: William S. Madison

POSITION: Executive Vice President

Dated: _Novemb 2_____, 2020

**THE VAN WINKLE LAW FIRM**

By: _____

David Wilkerson

Attorneys for Plaintiffs

Dated: **November 2**_____, 2020

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: _____

Ronald I. Raether, Jr.

Attorney for Defendants

-34-

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Statesville Division**
**Civil Action No. 5:16-cv-9 -KDB-DCK**

| | |
|---|---|
| **DELORIS GASTON**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **LEXISNEXIS RISK SOLUTIONS INC.**, *et al.* | ) **INJUNCTIVE RELIEF ORDER** |
| | ) |
| | ) |
| **Defendants.** | ) |

This day, the Court entered its Final Order granting the Motion for Final Approval of Class Action Settlement (Dkt. No. ___). Pursuant to that Order and Section [**INSERT**] of the Settlement Agreement and Release, dated _____ (the "Settlement Agreement"), the Court enters this Injunctive Relief Order and hereby orders that Defendants comply with the following:

1.      For purposes of this Injunctive Relief Order, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Settlement Agreement. The terms of this Injunctive Relief Order are intended to reflect the Injunctive Relief provisions in the Settlement Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Settlement Agreement.

2.      IMPLEMENTATION OF CHANGES TO PROHIBIT THE USE OF CRASH REPORTS PURCHASED ON THE ECOMMERCE WEB PORTAL FOR MARKETING AND SOLICITATION USES

Defendants will: (a) incorporate an express prohibition on marketing and solicitation uses in the End User License Agreement on the eCommerce Web Portal; (b) incorporate an express

prohibition on marketing and solicitation in commercial user agreements on the eCommerce Web Portal; and (c) add a user confirmation for no marketing and solicitation use before a Crash Report is purchased on the eCommerce Web Portal.

3.      ELIMINATE THE MONTHLY SUBSCRIPTION SERVICE

Defendants will eliminate the Monthly Subscription Service on the eCommerce Web Portal.

4.      LIMIT THE DISCLOSURE

Crash Reports will only be disclosed by Defendants if one of the following three conditions are met:

4.1      Defendants have redacted the following information (to the extent such information is included in a Crash Report): an individual's photograph, social security number, driver's license number, first name, address (but not the 5-digit zip code), telephone number, and medical or disability information (hereinafter, the "Personal Information"); OR

4.2      Defendants have obtained the consent of the person whose Personal Information appears on the Crash Report; OR

4.3      The Crash Report is being disclosed to an "authorized recipient" as permitted by 18 U.S. Code § 2721(c) or for **one of** the following permissible uses as set out in 18 U.S. Code § 2721(b)(1):

4.3(a)   For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

4.3(b)   For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories;

2

performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

4.3(c)   For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only – (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

4.3(d)   For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

4.3(e)   For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

4.3(f)   For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

4.3(g)   For use in providing notice to the owners of towed or impounded vehicles.

3

4.3(h)  For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

4.3(i)   For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

4.3(j)  For use in connection with the operation of private toll transportation facilities.

4.3(k)  For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

4.3(l)   For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

4.3(m) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

4.3(n)  For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

Defendants may paraphrase the permissible uses defined in Section 4.3(a)–(n) to the extent it is technologically necessary on the eCommerce Web Portal as long as it does not substantially change the meaning.

If Defendants disclose a Crash Report for one of the permissible uses under the DPPA (as defined in Section 4.3(a)–(n)), Defendants will meet any obligation to have a "good faith belief" that the Crash Report will be used for a specific purpose permitted by the DPPA through the following means:

4

(a) With respect to Involved Parties, Defendants will require Involved Parties to affirm their anticipated use as defined in Section 4.3 before purchasing a Crash Report on the eCommerce Web Portal.  Additionally, Defendants will require Involved Parties to enter one of the following sets of search criteria to search for a Crash Report on the eCommerce Web Portal:

     i. State and jurisdiction and one of the following: Report number; last name and date of incident; last name and street;

     ii. State and jurisdiction and at least two of the following: Last name, date of incident, street; or

     iii. State, jurisdiction, report number and one of the following: name (first, last) and date of incident; name (first, last) and street.

A law enforcement agency may require that Defendants impose additional search criteria for Involved Parties to search for a Crash Report.

(b) With respect to Commercial Users, Defendants will:

     i. Require submission of an application and agreement, including, but not limited to, the purpose of use;

     ii. Implement a process to review Commercial Users' stated purpose of the use; and

     iii. Reject any application and agreement in which the stated purpose of use references marketing or solicitation or any other use not permitted by 18 U.S. Code § 2721(b)(1).

5

5.        LOG THE USERS' USE SELECTION

Defendants must keep for a period of 5 years records identifying each person or entity that receives a Crash Report on the eCommerce web portal and the purpose for which the Crash Report will be used.

6.        IMPLEMENT EMPLOYEE EDUCATION AND TRAINING

Employees who work with Crash Reports on the eCommerce Web Portal will be required to participate in annual training regarding the requirements of the Injunctive Relief and the DPPA. Defendants shall keep records of such training.

7.        TIMETABLE FOR IMPLEMENTATION OF INJUNCTIVE RELIEF

7.1      With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 4 and 5 above within thirty (30) days of the Effective Date.

7.2      With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 2 and 3 above within three months of the Effective Date.

7.3      With respect to the Rule 23(b)(2) Settlement Class, Defendants will implement the Injunctive Relief defined in Sections 2 through 6 above within twelve months of the Effective Date.

7.4      Notwithstanding Sections 7.1-7.3, if Defendants are unable to comply with these deadlines, Defendants shall receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

6

8.      SUNSET PROVISION:  With respect to the Rule 23(b)(2) Settlement Class, the obligations of Sections 2-6 of the Injunctive Relief Order will expire the earlier of seven years from the Effective Date or May 1, 2027 ("Sunset Date").  With respect to the Rule 23(b)(2) CMPD Settlement Subclass, any relief from the obligations of Sections 2-6 of the Injunctive Relief Order must be obtained from this Court pursuant to Section 11 of this Order.

9.      DISPUTE RESOLUTION PROCESS

9.1      If any Settlement Class Member has a claim or dispute regarding Defendants' compliance with the Settlement Agreement, including but not limited to the Injunctive Relief provisions, then such Settlement Class Member first must submit, *pro se* or through counsel, his or her dispute directly to Defendants before taking any other action.  Upon receipt of such a dispute, Defendants will investigate the dispute and respond to the Settlement Class Member within thirty (30) days.  Defendants' response must state the results of Defendants' investigation of the allegation of non-compliance with the Settlement Agreement and any action taken or to be taken to address the Settlement Class Member's dispute; or, if additional information is required for Defendants to complete their investigation, Defendants' response must identify the specific additional information that is required.  Upon the submission of all the additional information required (as set forth in Defendants' response), Defendants will have thirty (30) days to complete their investigation of the Settlement Class Member's dispute regarding the allegation of non-compliance with the Settlement agreement and to provide a response containing the results of its investigation and any action taken or to be taken to address the dispute.

9.2      Within thirty (30) days after the dispute resolution process described above has been completed, the Settlement Class Member may submit his or her dispute regarding the allegation of non-compliance with the Settlement Agreement to the Court under the caption for

7

this Litigation. The Settlement Class Member's submissions to the Court must include copies of all correspondence between the Settlement Class Member and Defendants regarding the dispute prior to the submission. The Court shall have exclusive and sole jurisdiction to resolve the dispute.

10. Any action by Defendants determined in good faith to be reasonably necessary to comply with any federal law, enactment, regulation, or judicial ruling shall not constitute a breach of the Settlement Agreement. In the event that any obligation that Defendants have agreed to undertake as part of the Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling or if the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass (or any subset) agree to impose less stringent requirements on any competitor of Defendants, then Defendants shall be released from performing such obligation after notice to the Court and Class Counsel. Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days after receipt of such notice.

11. The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Injunctive Relief Order, including its administration, interpretation, effectuation, and enforcement of its provisions pursuant to the dispute resolution process in section 9 above. None of the parties, including any Rule 23(b)(2) Settlement Class Member or Rule 23(b)(2) Settlement Subclass Member, shall be entitled to the recovery of attorney's fees, costs or other expenses in connection with any efforts to monitor compliance with this Injunctive Relief Order.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

Signed:

_____
**Kenneth D. Bell**
United States District Judge

8

# EXHIBIT B

**[INSERT DATE]**

**<u>Via Overnight Delivery</u>**

The United States Attorney General and All
State Attorneys General Identified on the
Attached Service List

> Re:     Notice Pursuant to the Class Action Fairness Act of 2005 in
> connection with *Deloris Gaston, et al. v. LexisNexis Risk Solutions
> Inc., et al.*, Case No. 5:16-cv-9 (W.D.N.C.)

Dear Sir or Madam:

On behalf of LexisNexis Risk Solutions Inc., PoliceReports.US, LLC, LexisNexis Claims Solutions Inc., and LexisNexis Coplogic Solutions Inc. (collectively, "Defendants"), and in accordance with the requirements of the Class Action Fairness Act of 2005, *see* 28 U.S.C. § 1715(b), this letter provides notice of a proposed settlement of the putative class action captioned, *Deloris Gaston, et al. v. LexisNexis Risk Solutions Inc., et al.*, Case No. 5:16-cv-9 (W.D.N.C.).

Section 1715 requires defendants participating in a proposed class action settlement to serve upon appropriate federal and state officials a notice containing information responsive to eight items enumerated in the statute. Defendants' responses to each of these items are below. Also enclosed is a CD containing documents relating to the settlement, as required by Section 1715. If you have any difficulty accessing any of the documents on the enclosed CD, please contact the undersigned.

**Item 1:**     *A copy of the complaint, any materials filed with the complaint, and any amended complaints. 28 U.S.C. § 1715(b)(1).*

Mrs. Deloris Gaston and Mr. Leonard Gaston filed the Class Action Complaint on January 12, 2016, a copy of which is included on the enclosed CD. Plaintiffs did not attach any materials to the Class Action Complaint. On May 12, 2016, Plaintiffs filed the Class Action Amended Complaint, a copy of which is also included on the enclosed CD. Plaintiffs attached three copies of accident reports to the Class Action Amended Complaint, which are also included on the enclosed CD.

**Item 2:**     *Notice of any scheduled judicial hearing in the class action. 28 U.S.C. § 1715(b)(2).*

There are currently no scheduled judicial hearings.

**Items 3 and 4:**     *Any proposed or final notification to the class members. 28 U.S.C. § 1715(b)(3); any proposed or final class action settlement. 28 U.S.C. § 1715(b)(4).*

The parties have executed a Settlement Agreement and Release, which constitutes the proposed class action settlement. A copy of the agreement is enclosed with this letter as Exhibit A. On **[INSERT DATE]**, the parties filed the Joint Motion for Preliminary Approval of Proposed Settlement (the "Joint Motion"). The Joint Motion explains the history of the litigation and summarizes the terms of the settlement. A copy of the Joint Motion is enclosed as Exhibit B. The Joint Motion and all of its Exhibits are included on the enclosed CD.

The Parties' motion seeks approval of an injunctive relief settlement pursuant to Rule 23(b)(2). Class notice is not required for a class certified pursuant to Rule 23(b)(2) and based on the nature of the injunctive relief provided in the Settlement Agreement, the parties have agreed that class notice is unnecessary here and the Court has yet to rule on the issue.

**Item 5:**     *Any settlement or other agreement contemporaneously made between class counsel and counsel for the defendant. 28 U.S.C. § 1715(b)(5).*

The parties have executed an individual settlement agreement and release, which constitutes the settlement of the plaintiffs' individual claims. A copy of the agreement is enclosed with this letter as Exhibit C.

**Item 6:**     *Any final judgment or notice of dismissal. 28 U.S.C. § 1715(b)(6).*

No final judgment or notice of dismissal has yet been entered.

**Item 7:**     *Either (i) the names of class members who reside in each State and estimated proportionate share of such members to the entire settlement; or, (ii) if not feasible, a reasonable estimate of the number of class members residing in each State and estimated proportionate share of such members to the entire settlement. 28 U.S.C. § 1715(b)(7)(A)-(B).*

It is not feasible at this time to provide the names of all class members who reside in each state. The Rule 23(b)(2) Settlement Class includes every individual nationwide

who has had his or her personal identifying information listed on a crash report regardless of the source of the information and the Rule 23(b)(2) CMPD Settlement Subclass includes all persons in the Rule 23(b)(2) Settlement Class whose crash report was prepared by the Charlotte-Mecklenburg Police Department.

**Item 8:**     *Any written judicial opinions relating to subparagraphs (3) through (6) under § 1715. 28 U.S.C. § 1715(b)(8).*

The Court has not entered an order or opinion relating to the Joint Motion or any of the matters referenced in Items 3 through 6 above.

\*                \*                \*

The table below provides an index of the materials that we have included on the enclosed CD.

|     | Description |
| --- | --- |
| 1.  | Class Action Complaint filed January 12, 2016 |
| 2.  | Class Action Amended Complaint filed May 12, 2016 |
| 3.  | Joint Motion for Preliminary Approval of Proposed Settlement |
| 4.  | Exhibit 1 to Joint Motion -- Settlement Agreement and Release and accompanying exhibits |
| 5.  | Exhibit 2 to Joint Motion – Proposed Preliminary Approval Order |
| 6.  | Individual Settlement Agreement and Release |

[INSERT DATE]
Page 4


                        Sincerely,



                        [Name]
                        [Title]
                        [Company]
                        Providing Notification as *Gaston* Settlement
                        Administrator On Behalf of Defendants
                        LexisNexis Risk Solutions Inc. and
                        PoliceReports.US, LLC.

Enclosures (CD)


cc:         Christopher L. Cogdill, Esq.
            David M. Wilkerson, Esq.
            Eugene Clark Covington, Jr., Esq.
            Larry S. McDevitt, Esq.
            Cindy D. Hanson, Esq.
            Dennis Kyle Deak, Esq.
            Julie Diane Hoffmeister, Esq.
            Ronald I. Raether, Jr., Esq.
            Joshua Davey, Esq.

# EXHIBIT A TO CAFA NOTICE OF [INSERT DATE]

## [List TBA]

41676539v4