# EXHIBIT A

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# Statesville Division
# Civil Action No. 5:16-cv-00009-KDB-DCK

DELORIS GASTON, *et al.*,

    Plaintiffs,

v.

LEXISNEXIS RISK SOLUTIONS INC., *et al.*,

    Defendants.

---

### ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASS AND SUBCLASS, APPOINTING CLASS COUNSEL, AND SCHEDULING FINAL FAIRNESS HEARING

---

THIS CAUSE came before the Court upon the Motion for Preliminary Approval of Proposed Settlement (Dkt. No. 163), which was filed jointly by Plaintiffs and Defendants, who wish to settle this case. The Court has carefully considered the Motion and is otherwise duly advised.

In this action, Plaintiffs Deloris and Leonard Gaston ("Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against Defendants LexisNexis Risk Solutions Inc. and PoliceReports.US, LLC ("Defendants") (collectively, the "Parties"), for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 *et seq*. The Named Plaintiffs contend that crash reports contain "personal information" "from a motor vehicle record" and are thus regulated by the DPPA. The Named Plaintiffs claim that Defendants violated the DPPA by allegedly disclosing Plaintiffs' crash reports to third

parties on the PRUS eCommerce web portal for the purposes of marketing and solicitation without Plaintiffs' express consent. (*See* Am. Compl. ¶¶ 22, 23.) Defendants have consistently and expressly taken the position that crash reports do not fall within the scope of the DPPA, including because: (1) "information on vehicular accidents" (*i.e.*, crash reports) is an express carve-out from the definition of "personal information" under the DPPA, *see* 18 U.S.C. § 2725(3); (2) information on a crash report is not sourced from the Department of Motor Vehicles ("DMV") and thus is not a "motor vehicle record" under the DPPA, *see* 18 U.S.C. § 2725(1); and (3) regardless, Defendants are entitled to qualified immunity and otherwise had an express permissible purpose under the DPPA, namely Defendants were acting on behalf of law enforcement agencies in assisting the agencies in fulfilling their obligations under state public record laws, *see* 18 U.S.C. § 2721(b)(1).

The Named Plaintiffs filed their Complaint in this Court on January 12, 2016. The Named Plaintiffs filed a Class Action Amended Complaint on May 12, 2016. The Class Action Amended Complaint described a single putative class. It sought injunctive and equitable relief, compensatory, statutory and punitive damages, and an award of attorneys' fees and costs. Defendants deny each of the claims asserted against them in this action and deny any and all liability.

The Named Plaintiffs moved for class certification on June 11, 2020. (Dkt. No. 101.) The Parties filed cross-motions for summary judgment on June 19, 2020. (Dkt. Nos. 122, 124.) Defendants opposed Plaintiffs' motions on various grounds. Over Defendants' objections and arguments, the Court certified a limited Rule 23(b)(2) injunctive relief class and subclass on September 2, 2020 which included certain individuals who had crash reports prepared by the

CMPD. (Dkt. No. 148.) The Court also granted summary judgment on Plaintiffs' claims for declaratory and injunctive relief with respect to the Rule 23(b)(2) subclass. (*Id*.)[1]

Defendants thereafter filed a notice pursuant to 28 U.S.C. §§ 1291-92 and the collateral order doctrine, to appeal to the United States Court of Appeals for the Fourth Circuit from the Order of the United States District Court for the Western District of North Carolina, entered on September 2, 2020 on September 8, 2020. (Dkt. No. 150.) Absent this settlement, Defendants would have pursued their challenge of the Court's September 2, 2020 Order on appeal and otherwise.[2]

The Parties participated in a full-day mediation in Charlotte, North Carolina on February 12, 2020. Both sides set out their positions in substantive presentations to Wayne P. Huckel, Esquire. The Parties again mediated with Mr. Huckel on March 4, 2020. The Parties held a third mediation session via Zoom on October 7, 2020 again with Mr. Huckel. The Parties' mediation efforts were ultimately successful and produced a proposed resolution of this litigation.

On November 3, 2020, the Parties filed a Joint Motion and supporting Memorandum for Preliminary Approval of Proposed Settlement. In that Motion, the Parties ask this Court to conditionally certify a settlement class and subclass pursuant to Fed. R. Civ. P. 23(b)(2), appoint class counsel, appoint a settlement administrator for the purpose of providing the required notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), and schedule a final fairness hearing. After careful consideration of the Settlement Agreement, its exhibits, and the instant

---

[1] On October 2, 2020, per the Parties' stipulation, the Court entered an Order and Stipulated Judgment extending the injunctive relief to the full certified Rule 23(b)(2) class. (Dkt No. 159.)

[2] The Parties agree that the settlement and the final judgment following from the settlement will not prejudice in any way the Parties' right to raise any of the arguments that the Parties made in this case, including arguments decided by the district court in its interlocutory order of September 2, 2020, in any future litigation.

3

Motion and supporting Memorandum and considering arguments of counsel, the Court finds that the Motion should be granted.

This Court FINDS and ORDERS as follows:

I. **Conditional Certification of Settlement Class and Subclass**

The Parties now move this Court to certify a settlement class and subclass pursuant to Fed. R. Civ. P. 23(b)(2). The Rule 23(b)(2) Settlement Class is composed of all persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report; and (iii) that Crash Report was available for purchase via an online solution supported, owned or operated by PoliceReports.US, LLC or LexisNexis Claims Solutions Inc. The Rule 23(b)(2) CMPD Settlement Subclass is composed of all persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the Charlotte-Mecklenburg Police Department ("CMPD"). Excluded from the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families. The Rule 23(b)(2) settlement, if approved, would require Defendants to implement certain business changes impacting their disclosure of Crash Reports, which will represent a significant shift from current practices. The Parties believe that the settlement represents not only a fair, reasonable, and adequate resolution of the claims brought in this action but also represents a new standard for the treatment of information on a Crash Report nationwide.

When the Court is presented with a proposed settlement, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for each of their proposed classes.[3]

The Court holds that the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass satisfy the numerosity requirement of Rule 23(a)(1). Although it is not feasible at this time to identify all class members, because the Rule 23(b)(2) Settlement Class includes every individual nationwide who has had his or her personal identifying information listed on a crash report regardless of the source of the information and the Rule 23(b)(2) CMPD Settlement Subclass includes all persons in the Rule 23(b)(2) Settlement Class whose Crash Report was prepared by the CMPD, the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMDP Settlement Subclass satisfy the numerosity requirement. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement); *West v. Cont'l Auto., Inc.*, No. 3:16-cv-502-FDW-

---

[3] On September 2, 2020, this Court granted in part and denied in part Plaintiffs' motion for class certification and certified a limited Rule 23(b)(2) injunctive relief class and subclass defined as follows:

> North Carolina residents whose personal information (as defined by the DPPA) appears on a North Carolina form DMV-349 CMPD vehicle accident report that was created between January 12, 2012 and September 1, 2020 and disclosed by a Defendant to a third party without any contemporaneous record of a purpose permitted by the DPPA. The class does not include any person who gave consent to the disclosure of their personal information by a Defendant.
>
> Subclass – All members of the class whose related accident report indicates that their address in the report is the same as on their driver's license.

(Dkt. No. 148 at 34.) The Parties proposed Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are broader than the classes previously certified. Although the Court's reasoning in its September 2 Order would be applicable to the Parties' proposed settlement classes, courts usually analyze the Rule 23 requirements again for the sake of thoroughness.

DSC, 2017 U.S. Dist. LEXIS 87382, at *3 (W.D.N.C. June 7, 2017) (finding that approximately sixty (60) class members was sufficient to satisfy the numerosity requirement).

The Court further holds that the commonality requirement of Rule 23(a)(2) is met. The commonality requirement is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). This requirement is easily met here for settlement purposes. The Settlement Agreement treats all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the substantial benefits of the injunctive relief program. Two of the key issues in this case, whether the DPPA applies to crash reports (without taking into account the source of the information), and if so, whether Defendants' anticipated disclosure of crash reports to third parties who may use the information for marketing and solicitation purposes will violate the DPPA, are common to all members of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass

The typicality requirement of Rule 23(a)(3) is also met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied as long as the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006). Here, there is a sufficient link between Plaintiffs' claims

and those of the absent class members because Plaintiffs allege that Defendants violated the DPPA by disclosing their crash reports for a purpose not permitted under the DPPA, and further allege potential future violations of the DPPA given Defendants continue to operate the eCommerce web portals. Plaintiffs' success on essential elements of their claims, such as whether the DPPA applies to crash reports and whether Defendants had a permissible use for disclosing Plaintiffs' crash reports, would advance the claims of the members of the proposed class. Accordingly, the typicality requirement is met. *Id.* at 466 ("The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'").

The Court further holds that the Named Plaintiffs and their counsel are adequate representatives of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass under Rule 23(a)(4). In reaching this determination, the Court has considered whether the proposed class representatives will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 U.S. Dist. LEXIS 14855, at *9 (E.D. Va. Feb. 4, 2013).

First, the Court finds that the Named Plaintiffs have no interests that are antagonistic to the interests of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass and are unaware of any actual or apparent conflicts of interest between them and the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass. Moreover, the Settlement preserves the right of individual Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members to bring an individual suit for actual damages if they so choose.

The Court also finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have extensive experience in class actions. Class Counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed class and subclass. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief ... with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court finds that as to this Rule 23(b)(2) Settlement Class and Rule 23(b) Settlement Subclass, Defendants have acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the substantial benefits of the injunctive relief program. While Defendants maintain that they have always acted in compliance with the law, the fact that the Settlement modifies Defendants' conduct as to the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass as a whole makes it appropriate for certification under Rule 23(b)(2). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2557 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted); *see also*

8

*Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 U.S. Dist. LEXIS 124415, at *34 (E.D. Va. Sept. 5, 2014), *affirmed by Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2) class.") (citation and internal quotation marks omitted). The proposed class action settlement satisfies the elements of Rule 23(b)(2).

For the sole purpose of determining: (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice as to the Defendants, the Court hereby certifies a conditional settlement class and subclass as follows:

> Settlement Class: All persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report, and (iii) that Crash Report was available for purchase via an online solution supported, owned or operated by or on behalf of PoliceReports.US, LLC or LexisNexis Claims Solutions Inc.

> Settlement Subclass: All persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the CMPD.

> Excluded from the Settlement Class and Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class and Rule 23(b) CMPD Settlement Subclass shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or

9

confession by any party of any fact, matter, or proposition of law; all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

## II. Appointment of Class Counsel and Class Representatives

Having certified the class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed. R. Civ. P. 23(g)(1)(A). Having considered the work Named Plaintiffs' counsel have done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class and subclass, the following attorneys are designated Class Counsel under Rule 23(g)(l):

- David M. Wilkerson and Larry S. McDevitt of the Van Winkle Law Firm;
- Christopher L. Cogdill of Christopher L. Cogdill P.A.; and
- Eugene Clark Covington, Jr., of Eugene C. Covington, Jr. P.A.

The following individuals are designated as the Class Representatives: Deloris Gaston and Leonard Gaston.

## III. Preliminary Approval of Proposed Settlement

Under Rule 23(e)(l) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court must make a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also Manual for Complex Litigation (Fourth)* ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to

10

Case 5:16-cv-00009-KDB-DCK   Document 163-3   Filed 11/03/20   Page 11 of 19

the class. *In re Jiffy Lube Secs. Litig.,* 927 F.2d 155, 158–59 (4th Cir. 1991)). However, at the preliminary approval stage, the Court need only find that the settlement is within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith,* 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation,* 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube,* 927 F.2d at 158–59.

The Court finds that the settlement reached in this case was the result of a fair process. The present action has been pending for over four years. The Parties participated in many telephonic meet-and-confer discussions regarding the merits of Plaintiffs' claim and mediated the issues over the course of several mediation sessions. Where a settlement is the result of genuine arm's-length negotiations, there is a presumption that it is fair. *See, e.g., Ray v. Mechel Bluestone, Inc.,* 2018 U.S. Dist. LEXIS 40677, at *10 (S.D. W. Va. Mar. 13, 2018) (citing *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768 (3d Cir. 1995)); *Brown v. Lowe's Cos.*, 2016 U.S. Dist. LEXIS 192451, at *8 (W.D.N.C. Nov. 1, 2016).

Plaintiffs also obtained substantial discovery in this case sufficient to support their position that the settlement is the best and most appropriate means for resolving this case. The extensive discovery and motion practice in this case provided each side with the additional

insight to evaluate the merits, and laid the groundwork for the arm's-length, contentious negotiations that resulted in the settlement.

Finally, counsel is highly experienced in the investigation and/or prosecution of consumer class action litigation and endorse the settlement as fair and adequate under the circumstances. Indeed, the opinion of experienced and informed counsel in favor of settlement should be afforded substantial consideration in determining whether a class settlement is fair and adequate. *See Jiffy Lube*, 927 F.2d at 159*; Sims v. BB&T Corp.*, No. 1:15-CV-732, No. 1:15-CV-841, 2019 U.S. Dist. LEXIS 75837, at *16 (M.D.N.C. May 6, 2019); *In re MicroStrategy Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 665 (E.D. Va. 2001). For the foregoing reasons, the Court finds that the terms of the proposed settlement are fair.

The Court further finds that the terms of the proposed settlement are adequate and reasonable. In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube,* 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 U.S. Dist. LEXIS 26404, at *10 (W.D.N.C. Feb. 5, 2018).

Defendants have disputed Plaintiffs' DPPA claim since the inception of this case, including the initial question of whether the DPPA applies to crash reports. The resolution of

the outstanding issues, regardless of which party ultimately would prevail at trial, would require protracted adversarial litigation and appeals at substantial risk and expense. Indeed, Defendants appealed the Court's September 2, 2020 interlocutory order and intended to pursue that appeal absent this settlement. Defendants have also already prevailed against similar classwide DPPA claims, which highlights the significant risks that Plaintiffs face in continuing to litigate. *See Pavone v. Meyerkord & Meyerkord, LLC*, 321 F.R.D. 314 (N.D. Ill. 2017) (denying certification of DPPA putative class action; ultimately settled on an individual basis).

Aside from the potential that either side will lose at trial, the Parties anticipate incurring substantial additional costs in pursuing this litigation further. The level of additional costs would significantly increase as the appellate process proceeded and any effort that might be required if the matter is remanded for further proceedings. . Thus, the likelihood of substantial future costs favors approving the proposed settlement. *Sims*, 2019 U.S. Dist. LEXIS 75837 at *17; *Horton*, 855 F. Supp. at 833.

Despite the size of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, only one consumer to date is pursuing a class-wide claim that will be resolved through this settlement. *See Hatch v. LexisNexis Risk Solutions Inc., et al.*, 3:19-cv-00449 (W.D.N.C.) ("*Hatch*"). Given the claims preserved by the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass under the Settlement Agreement, the plaintiff in *Hatch* however will be able to continue to pursue his claim for actual damages on an individual basis.

The Parties have been litigating Plaintiffs' claims for more than four years. The Plaintiffs had a complete understanding from formal and informal discovery as to Defendants' business

practices and what defenses as to liability and as to class certification would be faced. As discussed above, each of the remaining elements of "adequacy" under *Jiffy Lube* are more than met. The negotiations were self-evidently arms-length, with settlement made possible only through the considerable efforts of an experienced mediator. Given this analysis, the *Jiffy Lube* factors weigh heavily in favor of the adequacy and reasonableness of the settlement. Accordingly, the Court finds that the terms of the proposed settlement are also adequate and reasonable.

Based on the foregoing considerations, the proposed settlement as set forth in the Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the final approval hearing described below. Named Plaintiffs and Defendants are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and release set forth in the Settlement Agreement.

### IV.     Notice Is Not Required for This Rule 23(b)(2) Settlement Class

The parties have proposed American Legal Claim Services LLC as the Settlement Administrator for the purpose of providing the required notice under CAFA. The Court has reviewed the materials about this organization and concludes that they have extensive and specialized experience and expertise in class-action settlements and notice programs. The Court hereby appoints American Legal Claim Services LLC as the Settlement Administrator.

Neither Rule 23 nor the case law requires individualized, mailed notice for a Rule 23(b)(2) settlement class, where class members do not have the opportunity to opt out of the settlement and are not required to take any affirmative action to receive the benefits of the settlement. Federal Rule of Civil Procedure 23(c)(2)(A) is explicit that even a litigated Rule

23(b)(2) class does not require any notice. Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (2), the court *may* direct appropriate notice to the class.") (emphasis added); *see also* ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.311 (4th ed. 2004) (stating that notice in Rule 23(b)(2) actions is "within the district judge's discretion" and that "[i]f notice is appropriate, it need not be individual notice because, unlike a Rule 23(b)(3) class, there is no right to request exclusion from Rule 23(b)(1) and (b)(2) classes"). Unlike class actions certified under Rule 23(b)(3), which require individual notice to class members and the opportunity to opt out of the settlement, class actions certified under Rule 23(b)(2) ordinarily do not require individual notice to class members because there is greater cohesion of interests in a Rule 23(b)(2) class, as individual damage claims are not at stake. *See Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.,* 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("Notice (and exclusion opportunity) is not required in Rule 23(b)(2) actions."); 7B Charles Alan Wright *et al.,* FEDERAL PRACTICE AND PROCEDURE § 1793 (3d ed. 2006) (stating that while Rule 23(b)(3) classes require mandatory notice, notice is not as important for Rule 23(b)(2) classes "because the class typically will be more cohesive"); Fed. R. Civ. P. 23 advisory committee's note (2003 Amendments) (explaining that "[t]he authority to direct notice to class members in a (b)(1) or (b)(2) class should be exercised with care" because there is no right to request exclusion and because of the potentially "crippl[ing] cost of providing notice).

Here, the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are mandatory and thus Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members will not be permitted to opt out. Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members also do not release their individual claims for actual damages. Accordingly, based on the nature of the proposed

injunctive relief, the Court finds that notice is not required for this Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass.

V.     **Procedure for Objecting to the Rule 23(b)(2) Settlement**

Any member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass or representative of a government entity who wishes to object to the proposed Rule 23(b)(2) settlement may do so by mailing a copy of the objection to the Settlement Administrator at the following address: _____. The objection must be mailed and postmarked by _____, 2020, and must include all of the following:

- The name of the case, *Deloris Gaston, et al. v. LexisNexis Risk Solutions Inc., et al.*, Case No. 5:16-cv-00009 (W.D.N.C.);
- The objector's name, address, and telephone number;
- A statement of the objection and a summary of the reasons for the objection;
- Copies of any documents upon which the objection is based; and
- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

Any member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Identify the points the objector wishes to speak about at the hearing;
- Enclose copies of any documents on which the objector intends to rely at the hearing;
- State the amount of time the objector requests for speaking at the hearing; and
- State whether the objector intends to have a lawyer speak on his or her behalf.

Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass must enter a written notice of appearance of counsel with the Clerk of the Court no later than _____-\_\_\_\_, 2020. All properly submitted objections shall be considered by the Court.

Any objector to the Rule 23(b)(2) settlement who does not properly and timely object in the manner set forth above will not be allowed to appear at the final approval hearing and will not be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any incentive awards to the Named Plaintiffs.

## VI. Final Approval Hearing

A final approval hearing shall be held on _____, 2020 at \_\_\_\_\_ a.m./p.m. for the purpose of determining whether the proposed settlement set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the litigation with respect to Defendants is appropriate. The Court will also consider Class Counsel's request for attorneys' fees, costs, and expenses, and Named Plaintiffs' request for an incentive award. This hearing will be held at the United States Courthouse, United States District Court, Western District of North Carolina, 200 West Broad Street, Statesville, NC 28677 in Judge Bell's Courtroom.

Counsel are directed to file any remaining briefs in support of the proposed settlement no later than _____, 2020. Class Counsel are directed to file any material in support of their fee petition no later than _____, 2020.

The Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final approval hearing from

time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

The Motion for Preliminary Approval of Proposed Settlement (Dkt. No. 163) is GRANTED, consistent with this Order.

SO ORDERED ADJUDGED AND DECREED

Signed:

_____
Kenneth D. Bell
United States District Judge