UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division
Civil Action No. 5:16-cv-00009-KDB-DCK

DELORIS GASTON, *et al.*, )
)
    Plaintiffs, )
)
v. )
)
LEXISNEXIS RISK SOLUTIONS INC., *et al.*, )
)
    Defendants. )

_____

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF
PROPOSED SETTLEMENT AND ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT, CERTIFYING CONDITIONAL SETTLEMENT CLASS AND
SUBCLASS, APPOINTING CLASS COUNSEL AND CLASS SETTLEMENT
ADMINISTRATOR, AND SCHEDULING FINAL FAIRNESS HEARING**

_____

THIS CAUSE came before the Court upon the Motion for Preliminary Approval of Proposed Settlement (Dkt. No. 163), which was filed jointly by Plaintiffs and Defendants, who wish to settle this case. A telephone conference was held with the Court on November 19, 2020 regarding the motion. Following the conference, the Plaintiffs filed a Supplemental Memorandum in Support of the Motion (Dkt. No. 165) and a revised Settlement Agreement and Release (Dkt. 167). On January 22, 2021, in response to questions and issues raised by the Court, the parties submitted a second revised Settlement Agreement and Release. The Court has carefully considered the Motion and the matter is now ripe for resolution.

In this action, Plaintiffs Deloris and Leonard Gaston ("Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against Defendants LexisNexis Risk Solutions Inc. and PoliceReports.US, LLC ("Defendants") (collectively, the "Parties"), for alleged violations of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §

1

2721 et seq. The Named Plaintiffs contend that crash reports contain "personal information" "from a motor vehicle record" and are thus regulated by the DPPA. The Named Plaintiffs claim that Defendants violated the DPPA by allegedly disclosing Plaintiffs' crash reports to third parties on the PRUS eCommerce web portal for the purposes of marketing and solicitation without Plaintiffs' express consent. (See Am. Compl. ¶¶ 22, 23.) Defendants have taken the position that crash reports do not fall within the scope of the DPPA on numerous grounds including that crash reports are a "motor vehicle record" under the DPPA or are otherwise outside the scope of the DPPA and that they are entitled to qualified immunity and otherwise had an express permissible purpose under the DPPA. The Court ultimately rejected each of Defendants' broad arguments at summary judgment as discussed below.

The Named Plaintiffs filed their Complaint on January 12, 2016 (Dkt. No. 1) and a Class Action Amended Complaint on May 12, 2016 (Dkt. No. 21). The Class Action Amended Complaint described a single putative class. It sought injunctive and equitable relief, compensatory, statutory and punitive damages, and an award of attorneys' fees and costs. Defendants denied each of the claims asserted against them in this action and any liability to the putative class.

The Named Plaintiffs moved for class certification on June 11, 2020, (Dkt. No. 101), and the Parties filed cross-motions for summary judgment on June 19, 2020. (Dkt. Nos. 122, 124). Following extensive briefing and oral argument, the Court entered an Order on September 2, 2020 granting in part and denying in part the motion for class certification, granting in part and denying in part Plaintiffs' motion for summary judgment and denying Defendants' motion for summary judgment (Dkt. No. 148).

With respect to class certification, the Court declined to certify the nationwide, statewide and Rule 23(b)(1) and 23(b)(3) money damages classes sought by Plaintiffs but certified a

2

Case 5:16-cv-00009-KDB-DCK    Document 169    Filed 01/25/21    Page 2 of 19

limited class under Federal Rule of Civil Procedure 23(b)(2) to consider Plaintiffs' claim for injunctive relief under the DPPA. On the parties' cross motions for summary judgment, the Court held that North Carolina accident reports are "motor vehicle records" under the statute and – based on Defendants' admission that they disclosed the reports without regard to whether the personal information in the reports would be used for a purpose permitted by the DPPA as well as the undisputed evidence that at least some of those reports were used for an impermissible purpose – awarded Plaintiffs summary judgment on their claim for declaratory and injunctive relief to end Defendants' unlawful practices. However, finding disputed fact issues, the Court denied Plaintiff's motion for summary judgment on their claim for liquidated damages. Finally, the Court decided that Defendants were not entitled to summary judgment because the Court found they were liable for injunctive relief as discussed above and did not have immunity, qualified or otherwise, based on their profitable alleged "public service" in making the accident reports available. (Id.)

The Parties thereafter filed their respective notices of appeal from the Order to the United States Court of Appeals for the Fourth Circuit (Dkt. Nos. 150, 158.) On October 2, 2020, per the Parties' stipulation, the Court entered an Order and Stipulated Judgment extending the injunctive relief to the full certified Rule 23(b)(2) class. (Dkt No. 159.) This Stipulation and Judgment left pending only the Plaintiffs' individual claims for liquidated damages of $2500 each, which the Court stayed in the interest of judicial economy pending the Parties' appeals. The Parties represent to the Court that absent their settlement, they would have pursued their respective challenges of the Court's final judgments on appeal and otherwise.[1]

With respect to the process of their settlement, the Parties first participated in a full-day

---

[1] The Parties agree that the settlement and the final judgment following from the settlement will not prejudice in any way the Parties' right to raise any of the arguments that the Parties made in this case, including arguments decided by the District Court in its Order of September 2, 2020, in any future litigation.

mediation in Charlotte, North Carolina on February 12, 2020. Both sides set out their positions in substantive presentations to the mediator, Wayne P. Huckel. The Parties again mediated with Mr. Huckel on March 4, 2020. The Parties held a third mediation session via Zoom on October 7, 2020 again with Mr. Huckel. The Parties' mediation efforts were ultimately successful and produced a proposed resolution of this litigation. On November 3, 2020, the Parties filed a Joint Motion and supporting Memorandum for Preliminary Approval of Proposed Settlement (Dkt. No. 163). In that Motion and the Supplemental Memorandum filed on December 15, 2020 (Dkt. No. 165), the Parties asked this Court to conditionally certify a settlement class and subclass pursuant to Fed. R. Civ. P. 23(b)(2), appoint class counsel, appoint a settlement administrator for the purpose of providing the required notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), approve a notice program to class members, and schedule a final fairness hearing. On January 22, 2021, in response to questions and issues raised by the Court, the parties submitted a second revised Settlement Agreement and Release.

After careful consideration of the Settlement Agreement, its exhibits, the instant Motion and supporting Memorandum, the Supplemental Memorandum and considering arguments of counsel, the Court finds that the Motion should be granted. Accordingly, the Court FINDS and ORDERS as follows:

**I. Conditional Certification of Settlement Class and Subclass**

The Parties now move this Court to certify a settlement class and subclass pursuant to Fed. R. Civ. P. 23(b)(2). The Rule 23(b)(2) Settlement Class is composed of all persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report; and (iii) that Crash Report was available for purchase via an online solution supported, owned or operated by

4

PoliceReports.US, LLC or LexisNexis Claims Solutions Inc. The Rule 23(b)(2) CMPD Settlement Subclass is composed of all persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the Charlotte-Mecklenburg Police Department ("CMPD"). Excluded from the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families. The Rule 23(b)(2) settlement, if approved, requires Defendants to implement certain business changes impacting their disclosure of Crash Reports, which they say represents a significant shift from current practices. The Parties urge the Court to find that the settlement represents not only a fair, reasonable, and adequate resolution of the claims brought in this action, but also represents a new standard for the treatment of information on a Crash Report nationwide.

When the Court is presented with a proposed settlement, the Court must determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for each of their proposed classes.

The Court holds that the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass satisfy the numerosity requirement of Rule 23(a)(1). Although it is not feasible at this time to identify all class members, because the Rule 23(b)(2) Settlement Class includes every individual nationwide who has had his or her personal identifying information listed on a crash report regardless of the source of the information and the Rule 23(b)(2) CMPD Settlement Subclass includes all persons in the Rule 23(b)(2) Settlement Class whose Crash Report was prepared by the CMPD, the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD

Settlement Subclass easily satisfy the numerosity requirement. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement); *West v. Cont'l Auto., Inc.*, No. 3:16-cv-502-FDW-DSC, 2017 U.S. Dist. LEXIS 87382, at *3 (W.D.N.C. June 7, 2017) (finding that approximately sixty (60) class members was sufficient to satisfy the numerosity requirement).

The Court further holds that the commonality requirement of Rule 23(a)(2) is met. The Parties argue that the commonality requirement – at least as it relates to a settlement class – is "not usually a contentious one: the requirement is generally satisfied by the existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 187 (D. Md. 2003)). Significantly here, the commonality analysis differs for settlement and trial purposes. *See Davenport*, 2014 U.S. Dist. LEXIS 205626, at *8–10 (citation omitted) (acknowledging that while individualized questions would be relevant for a class certified for the purpose of litigation, they are not relevant to a settlement class for which there will be no trial); *see also In re CertainTeed Corp.*, 269 F.R.D. at 478 (certifying settlement class and concluding that the Court need not consider trial-manageability issues as part of its commonality analysis because such issues are not relevant when considering certification of a settlement class).

While, as the Court has previously held, the Parties have not established that the putative class members outside North Carolina have sufficient commonality to support a nationwide class for purposes of trial, the Court finds that the commonality requirement is met here for the limited purpose of settlement.[2] The Settlement Agreement treats all Rule 23(b)(2) Settlement Class

---

[2] Although the Court is reluctant to certify a nationwide class, there appears to be little risk of harm

Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the benefits of the injunctive relief program. Two of the key issues in this case, whether the DPPA applies to crash reports (without taking into account the source of the information), and if so, whether Defendants' anticipated disclosure of crash reports to third parties who may use the information for marketing and solicitation purposes will violate the DPPA, are common to all members of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass.

The typicality requirement of Rule 23(a)(3) is also met. Typicality requires the class representatives' claims to be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied as long as the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006).

Here, there is a sufficient link between Plaintiffs' claims and those of the absent class members because Plaintiffs allege that Defendants violated the DPPA by disclosing their crash reports for a purpose not permitted under the DPPA, and further allege potential future violations of the DPPA given Defendants continue to operate the eCommerce web portals. Plaintiffs' success on essential elements of their claims, such as whether the DPPA applies to crash reports and whether Defendants had a permissible use for disclosing Plaintiffs' crash reports, would advance the claims of the members of the proposed class. Accordingly, the typicality requirement is met. *Id.* at 466 ("The essence of the typicality requirement is captured by the

---

to class members (or to the Defendants who seek approval). To the extent that vehicle crash reports outside of North Carolina also fall within the DPPA then there would likely be common issues of fact with Plaintiffs' claims and to the extent that such reports are outside the scope of the DPPA then settlement class members in those states will get the benefits of the settlement but not be burdened with the consideration of the settlement (because they would not have a DPPA claim in any event).

7

Case 5:16-cv-00009-KDB-DCK   Document 169   Filed 01/25/21   Page 7 of 19

notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'").

The Court further holds that the Named Plaintiffs and their counsel are adequate representatives of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass under Rule 23(a)(4). In reaching this determination, the Court has considered whether the proposed class representatives will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 U.S. Dist. LEXIS 14855, at *9 (E.D. Va. Feb. 4, 2013).

First, the Court finds that the Named Plaintiffs have no interests that are antagonistic to the interests of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass and are unaware of any actual or apparent conflicts of interest between them and the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass. Moreover, the Settlement preserves the right of individual Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members to bring an individual suit for actual damages and statutory liquidated damages if they so choose.

The Court also finds proposed Class Counsel to be competent to undertake this litigation. Class Counsel have extensive experience in class actions. Class Counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed class and subclass. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate

8

final injunctive relief ... with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court finds that as to this Rule 23(b)(2) Settlement Class and Rule 23(b) Settlement Subclass, Defendants have acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the benefits of the injunctive relief program. As discussed above, the Court earlier found that, at least in North Carolina, Defendants violated the DPPA and should be enjoined (a ruling which Defendants dispute); therefore, the fact that the Settlement modifies Defendants' conduct as to the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass as a whole makes it appropriate for certification under Rule 23(b)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011) ("The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted); *see also Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 U.S. Dist. LEXIS 124415, at *34 (E.D. Va. Sept. 5, 2014), affirmed by *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2) class.") (citation and internal quotation marks omitted). The proposed class action settlement thus satisfies the elements of Rule 23(b)(2).

In sum, for the sole purpose of determining: (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice as to the Defendants, the Court hereby certifies a conditional settlement class and subclass as follows:

Settlement Class: All persons who: (i) at any time within the four years prior to the

date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report, and (iii) that Crash Report was available for purchase via an online solution supported, owned or operated by or on behalf of PoliceReports.US, LLC or LexisNexis Claims Solutions Inc.

Settlement Subclass: All persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the CMPD.

Excluded from the Settlement Class and Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

If the proposed Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class and Rule 23(b) CMPD Settlement Subclass shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

## II.  Appointment of Class Counsel and Class Representatives

Having certified the class under Rule 23(b)(2), the Court is now required to appoint Class Counsel under Rule 23(g). Fed. R. Civ. P. 23(g)(1)(A). Having considered the work Named Plaintiffs' counsel have done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel will commit to representing the class and subclass, the following attorneys are designated Class Counsel under Rule 23(g)(l):

- David M. Wilkerson and Larry S. McDevitt of the Van Winkle Law Firm;

- Christopher L. Cogdill of Christopher L. Cogdill P.A.; and

- Eugene Clark Covington, Jr., of Eugene C. Covington, P.A.

The following individuals are designated as the Class Representatives: Deloris Gaston and Leonard Gaston.

### III. Preliminary Approval of Proposed Settlement

Under Rule 23(e)(l) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court must make a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed. 2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991)). However, at the preliminary approval stage, the Court need only find that the settlement is within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59. The Court finds that the settlement reached in this case was the result of a fair process. The present action has been pending for over five years. The Parties participated in many

telephonic meet-and-confer discussions regarding the merits of Plaintiffs' claim and mediated the issues over the course of several mediation sessions. Where a settlement is the result of genuine arm's-length negotiations, there is a presumption that it is fair. *See, e.g., Ray v. Mechel Bluestone, Inc.*, 2018 U.S. Dist. LEXIS 40677, at *10 (S.D. W. Va. Mar. 13, 2018) (citing *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768 (3d Cir. 1995)); *Brown v. Lowe's Cos.*, 2016 U.S. Dist. LEXIS 192451, at *8 (W.D.N.C. Nov. 1, 2016).

Plaintiffs also obtained substantial discovery in this case sufficient to support their position that the settlement is the best and most appropriate means for resolving this case. The extensive discovery and motion practice in this case provided each side with the additional insight to evaluate the merits and laid the groundwork for the arm's-length negotiations that resulted in the settlement.

Finally, counsel is experienced in the investigation and/or prosecution of consumer class action litigation and endorse the settlement as fair and adequate under the circumstances. Indeed, the opinion of experienced and informed counsel in favor of settlement should be afforded due consideration in determining whether a class settlement is fair and adequate. *See Jiffy Lube*, 927 F.2d at 159; *Sims v. BB&T Corp.*, No. 1:15-CV-732, No. 1:15-CV-841, 2019 U.S. Dist. LEXIS 75837, at *16 (M.D.N.C. May 6, 2019); *In re MicroStrategy Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 665 (E.D. Va. 2001). For the foregoing reasons, for the purposes of this preliminary approval motion, the Court finds that the terms of the proposed settlement are fair.

The Court further finds that the terms of the proposed settlement are adequate and reasonable for the purposes of preliminary approval; that is, they are "within the range of possible approval." In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case

were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc*., No. 3:16-cv-00502, 2018 U.S. Dist. LEXIS 26404, at *10 (W.D.N.C. Feb. 5, 2018).

Defendants have disputed Plaintiffs' DPPA claim since the inception of this case, including the initial question of whether the DPPA applies to crash reports. While the Court has rejected the merits of Defendants' defenses as discussed above, the resolution of their appeals as well as the appeals of the Plaintiffs from the Court's rulings against them would require protracted adversarial litigation and appeals at substantial risk and expense to both parties. Aside from the potential that either side will lose on appeal, the Parties anticipate incurring substantial additional costs in pursuing this litigation further. The level of additional costs would significantly increase as the appellate process proceeded and any effort that might be required if the matter is remanded for further proceedings. Thus, the likelihood of substantial future costs favors approving the proposed settlement. *Sims*, 2019 U.S. Dist. LEXIS 75837 at *17; *Horton*, 855 F. Supp. at 833.

Despite the size of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, only one consumer to date is pursuing a class-wide claim that will be resolved through this settlement. *See Hatch v. LexisNexis Risk Solutions Inc., et al*., 3:19-cv-00449 (W.D.N.C.) ("Hatch"). Given the claims preserved by the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass under the Settlement Agreement, the plaintiff in Hatch however would be able to continue to pursue his claim for actual damages and liquidated

13

statutory damages on an individual basis.

The Parties have been litigating Plaintiffs' claims for more than five years. The Plaintiffs had a complete understanding from formal and informal discovery as to Defendants' business practices and what defenses as to liability and as to class certification would be faced. As discussed above, each of the remaining elements of "adequacy" under *Jiffy Lube* are more than met. The negotiations were self-evidently arms-length, with settlement made possible only through the considerable efforts of an experienced mediator. Given this analysis, the *Jiffy Lube* factors weigh in favor of the adequacy and reasonableness of the settlement.

Accordingly, based on the foregoing considerations, the Court finds that the terms of the proposed settlement are adequate and reasonable for purposes of preliminary approval and the proposed settlement as set forth in the Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate, subject to further consideration at the final approval hearing described below. Named Plaintiffs and Defendants are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and release set forth in the Settlement Agreement.

## IV. Notice for This Rule 23(b)(2) Settlement Class

The parties have proposed American Legal Claim Services LLC ("ALCS") as the Settlement Administrator for the purpose of providing the required notice under CAFA and administering the Notice Program. The Court has reviewed the materials about this organization and concludes that they have extensive and specialized experience and expertise in class-action settlements and notice programs. The Court hereby appoints American Legal Claim Services LLC as the Settlement Administrator.

Neither Rule 23 nor the case law requires individualized, mailed notice for a Rule 23(b)(2) settlement class, where class members do not have the opportunity to opt out of the

settlement and are not required to take any affirmative action to receive the benefits of the settlement. However, the Court finds that notice by means of an extensive and targeted publication as described in the Notice Plan below (to which the Parties have agreed) is necessary and appropriate in this case to give class members a fair and adequate opportunity to challenge or otherwise respond to the proposed settlement which will bind them as well as the Named Plaintiffs.

Notice to class members upon settlement of class claims should be conducted in a "reasonable manner." See Fed. R. Civ. P. 23(e)(1)(B). "[S]ettlement notices should be delivered or communicated to class members in the same manner as certification notices." Manual for Complex Litig., Fourth, § 21.312 ("Manual"). Under Rule 23(c)(2)(A), "the court may direct appropriate [certification] notice to the class." Fed. R. Civ. P. 23(c)(2)(A). "If [certification] notice is appropriate, it need not be individual notice because, unlike a Rule 23(b)(3) class, there is no right to request exclusion from Rule 23(b)(1) and (b)(2) classes." Manual, § 21.311; *see also* Wright and Miller's Federal Practice and Procedure, Civil § 1786 ("The first specific question to be dealt with in determining the quality of the notice typically is whether individual notice must be given. In actions under Rules 23(b)(1) and 23(b)(2), the court is only directed to give 'appropriate notice to the class,' leaving the type of notice discretionary."). Notice programs that circulate settlement information via publication methods are reasonable in conjunction with a Rule 23(b)(2) class. *See, e.g., Berry v. LexisNexis Risk & Info. Analytics Group, Inc*., No 3:11-cv-754, 2014 U.S. Dist. LEXIS 124415, at *6 (E.D. Va. Sept. 5, 2014), *aff'd sub nom. Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) (approving a Rule 23(b)(2) class settlement with a notice plan employing publication via multiple print and online media platforms, purchasing related search terms with major search engines, and a settlement website and toll-free telephone number with settlement-related information).

As outlined in the Settlement Agreement, the required Notice Plan consists of four primary components: (1) a settlement website; (2) a call center; (3) notice by print publication; and (4) publication via digital and social media channels. The settlement website will enable class members to access a host of information regarding the class settlement. That information will include important settlement documents such as the Settlement Agreement, the Long-Form Notice (in both English and Spanish), and the Preliminary Approval Order. In addition, the class settlement website will include a section for frequently- asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the final approval hearing is scheduled, when the Final Judgment and Order has been entered, and when the Effective Date is expected or has been reached.

Class members will also have access to a call center facilitated by ALCS that will be available 24 hours a day. The toll-free telephone number will provide class members with access to recorded information, in both English and Spanish, related to the class settlement website. The Notice Plan further provides for the purchase of a 1/8-page advertisement in the nationwide edition of USA Today to appear twice over a one-month period. The 1/8-page advertisement would provide space for roughly 800 words, which would provide ample room for a description of the case and how to access additional information via the settlement website and call center. The digital and social media strategy will involve working with at least Facebook and Google to develop and place digital and social media advertisements over a six-week period to notify potential settlement class members about the settlement.

Accordingly, based on the nature of the proposed injunctive relief, the Court finds the Notice Plan for this Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass is reasonable and adequate.[3] The Court hereby appoints American Legal Claim

---

[3] The form of the various notices to class members which have been approved by the Court (subject

Services LLC as the Settlement Administrator as to the Notice Plan.

V.     **Procedure for Objecting to the Rule 23(b)(2) Settlement**

Any member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass or representative of a government entity who wishes to object to the proposed Rule 23(b)(2) settlement may do so by mailing a copy of the objection to the Settlement Administrator at the following address: Gaston v. LexisNexis Settlement Administrator, PO Box 23309, Jacksonville, Florida 32241 or emailing the administrator at the address listed in the required notices. The objection must be mailed and postmarked or sent by email by May 3, 2021 (21 days prior to the scheduled final hearing), and must include all of the following:

- The name of the case, *Deloris Gaston, et al. v. LexisNexis Risk Solutions Inc., et al.*, Case No. 5:16-cv-00009 (W.D.N.C.);

- The objector's name, address, and telephone number;

- A brief statement of the objection and the reasons for the objection;

- Copies of any documents upon which the objection is based; and

- A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

Any member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass who wishes to appear at the final approval hearing, either in person or through counsel, in addition to providing the above information shall also:

- Generally identify the points the objector wishes to speak about at the hearing;

- Enclose copies of any documents on which the objector intends to rely at the hearing;

---

to changing the date of the final hearing and other deadlines based on this Order) are attached as exhibits to the parties settlement agreement. *See* Dkt. No. 168-1.

17

Case 5:16-cv-00009-KDB-DCK   Document 169   Filed 01/25/21   Page 17 of 19

- State the amount of time the objector requests for speaking at the hearing; and

- State whether the objector intends to have a lawyer speak on his or her behalf.

Any lawyer who intends to appear or speak at the final approval hearing on behalf of a member of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass must enter a written notice of appearance of counsel with the Clerk of the Court no later than May 17, 2021 (one week before the final hearing). All properly submitted objections will be considered by the Court.

Any objector to the Rule 23(b)(2) settlement who does not properly and timely object in the manner set forth above may, in the discretion of the Court, not be allowed to appear at the final approval hearing or be allowed to object to or appeal the final approval of the proposed settlement, the dismissal of the case, any award of attorneys' fees and expenses to Class Counsel, or any incentive awards to the Named Plaintiffs.

## VI. Final Approval Hearing

A final approval hearing shall be held on May 24, 2021 at 10:00 a.m. for the purpose of determining whether the proposed settlement set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the litigation with respect to Defendants is appropriate. The Court will also consider Class Counsel's request for attorneys' fees, costs, and expenses, and Named Plaintiffs' request for an incentive award. This hearing will be held at the United States Courthouse, United States District Court, Western District of North Carolina, 200 West Broad Street, Statesville, NC 28677.

Class Counsel are directed to file any material in support of their fee petition no later than March 29, 2021 and counsel are directed to file any remaining briefs in support of the proposed settlement no later than the same date.

At the final hearing, the Court may (i) approve the Settlement Agreement, with such modifications as may be agreed to by the parties, without further notice; and (ii) adjourn the final approval hearing from time to time, by oral announcement at the hearing without further notice. The Court retains exclusive jurisdiction over the litigation to consider all further matters arising out of or in connection with the proposed settlement.

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Motion for Preliminary Approval of Proposed Settlement (Dkt. Nos. 163; 165; 167) is **GRANTED**, consistent with this Order;

2. The Parties' proposed notices and other communications to the class members are approved subject to changing the notices to reflect the date of the final hearing and other deadlines described in this Order;

3. Class Counsel are directed to file any material in support of their fee petition no later than March 29, 2021 and counsel are directed to file any remaining briefs in support of the proposed settlement no later than the same date; and

4. A final approval hearing shall be held in this matter on May 24, 2021 at 10:00 a.m. at the United States Courthouse, United States District Court, Western District of North Carolina, 200 West Broad Street, Statesville, NC 28677.

SO ORDERED ADJUDGED AND DECREED

Signed: January 25, 2021

Kenneth D. Bell
United States District Judge