UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Statesville Division
Civil Action No. 5:16-cv-00009-KDB-DCK

**DELORIS GASTON**, *et al.*,  )
)
    **Plaintiffs**,  )
)
v.  )
)
**LEXISNEXIS RISK SOLUTIONS INC.**, *et al.*,  )
)
    **Defendants.**  )

---

**ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND SUBCLASS, APPOINTING CLASS COUNSEL AND AWARDING ATTORNEYS' FEES AND INCENTIVE AWARDS**

---

THIS CAUSE came before the Court upon the Motion for Final Approval of Proposed Settlement (Dkt. No. 171), which was filed jointly by Plaintiffs and Defendants, and the Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards (Dkt. 172). On January 25, 2021, this Court granted the Parties' Motion for Preliminary Approval of the Proposed Settlement and conditionally certified the settlement class pending final approval of the settlement (Dkt. No. 169).

When a district court preliminarily approves a settlement after a hearing, the proposed settlement enjoys a presumption of fairness. *See Berkley v. U.S.*, 59 Fed .Cl. 675, 681 (2004) ("Settlement proposals enjoy a presumption of fairness afforded by a court's preliminary fairness determination."); *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995) ("This preliminary determination establishes an initial

presumption of fairness...."); *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (accord); *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007) (accord).

After careful consideration of the proposed Settlement Agreement and its exhibits, the Motions and supporting Memoranda and arguments of counsel and finding that no opposition to the proposed settlement has been expressed, the Court finds that Final Approval of the Settlement Agreement should be granted, as well as the Motion for Attorneys' Fees and Incentive Awards. Accordingly, the Court FINDS and ORDERS as follows:

**I. Certification of Settlement Class and Subclass**

A settlement class and subclass pursuant to Fed. R. Civ. P. 23(b)(2) is hereby certified. The Rule 23(b)(2) Settlement Class is composed of all persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report; and (iii) that Crash Report was available for purchase via an online portal or other online means supported, owned or operated by PoliceReports.US, LLC or LexisNexis Claims Solutions Inc. The Rule 23(b)(2) CMPD Settlement Subclass is composed of all persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the Charlotte-Mecklenburg Police Department ("CMPD"). Excluded from the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families. The Rule 23(b)(2) settlement requires Defendants to implement certain business changes impacting their disclosure of Crash Reports, which they say represents a significant shift from current practices. Therefore, the Court finds that the settlement represents not only a fair, reasonable, and

adequate resolution of the claims brought in this action, but also represents a new standard for the treatment of information on a Crash Report nationwide.

Further, the Court finds that the settlement classes satisfy the requirements for class certification under Federal Rule of Civil Procedure 23. The requirements that must be met under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. In addition, the parties must satisfy one of the subsections of Rule 23(b) for each of their proposed classes.

The Court confirms its prior holding that the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass satisfy the numerosity requirement of Rule 23(a)(1). Although it is not feasible at this time to identify all class members, because the Rule 23(b)(2) Settlement Class includes every individual nationwide who has had his or her personal identifying information listed on a crash report regardless of the source of the information and the Rule 23(b)(2) CMPD Settlement Subclass includes all persons in the Rule 23(b)(2) Settlement Class whose Crash Report was prepared by the CMPD, the many thousands of individual in the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass easily satisfy the numerosity requirement. *See, e.g., Cypress v. Newport News Gen. and Non-Sectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967) (stating that a class of 18 members met numerosity requirement); *West v. Cont'l Auto., Inc*., No. 3:16-cv-502- FDW-DSC, 2017 U.S. Dist. LEXIS 87382, at *3 (W.D.N.C. June 7, 2017) (finding that approximately sixty (60) class members was sufficient to satisfy the numerosity requirement).

The Court further confirms its prior holding that the commonality requirement of Rule 23(a)(2) is met. The Parties argue that the commonality requirement – at least as it relates to a settlement class – is "not usually a contentious one: the requirement is generally satisfied by the

existence of a single issue of law or fact that is common across all class members and thus is easily met in most cases." Conte, 1 NEWBERG ON CLASS ACTIONS 5th § 3:18; *see also Tatum v. R.J. Reynolds Tobacco Co*., 254 F.R.D. 59, 64 (M.D.N.C. 2008) (noting that "[t]he commonality requirement is relatively easy to satisfy") (quoting *Buchanan v. Consol. Stores Corp*., 217 F.R.D. 178, 187 (D. Md. 2003)). Significantly here, the commonality analysis differs for settlement and trial purposes. *See Davenport*, 2014 U.S. Dist. LEXIS 205626, at *8–10 (citation omitted) (acknowledging that while individualized questions would be relevant for a class certified for the purpose of litigation, they are not relevant to a settlement class for which there will be no trial); *see also In re CertainTeed Corp*., 269 F.R.D. at 478 (certifying settlement class and concluding that the Court need not consider trial-manageability issues as part of its commonality analysis because such issues are not relevant when considering certification of a settlement class).

While, as the Court has previously held, the Parties have not established that the putative class members outside North Carolina have sufficient commonality to support a nationwide class for purposes of trial, the Court finds that the commonality requirement is met here for the limited purpose of settlement. The Settlement Agreement treats all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the benefits of the injunctive relief program. Two of the key issues in this case, whether the DPPA applies to crash reports (without taking into account the source of the information), and if so, whether Defendants' anticipated disclosure of crash reports to third parties who may use the information for marketing and solicitation purposes will violate the DPPA, are common to all members of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass.

The Court also confirms its prior holding that the typicality requirement of Rule 23(a)(3) is met. Typicality requires the class representatives' claims to be "typical of the claims or defenses

4

of the class." Fed. R. Civ. P. 23(a)(3). Typicality is satisfied as long as the plaintiff's claim is not "so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim. That is not to say that typicality requires that the plaintiff's claim and the claims of class members be perfectly identical or perfectly aligned." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466–67 (4th Cir. 2006).

Here, there is a sufficient link between Plaintiffs' claims and those of the absent class members because Plaintiffs allege that Defendants violated the DPPA by disclosing their crash reports for a purpose not permitted under the DPPA, and further allege potential future violations of the DPPA given Defendants continue to operate the eCommerce web portals. Plaintiffs' success on essential elements of their claims, such as whether the DPPA applies to crash reports and whether Defendants had a permissible use for disclosing Plaintiffs' crash reports, would advance the claims of the members of the proposed class. Accordingly, the typicality requirement is met. *Id.* at 466 ("The essence of the typicality requirement is captured by the notion that 'as goes the claim of the named plaintiff, so go the claims of the class.'").

Further, the Court confirms its prior holding that the Named Plaintiffs and their counsel are adequate representatives of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass under Rule 23(a)(4). In reaching this determination, the Court has considered whether the proposed class representatives will fairly and adequately protect the interests of the class. *Knight v. Lavine*, No. 1:12-CV-611, 2013 U.S. Dist. LEXIS 14855, at *9 (E.D. Va. Feb. 4, 2013).

First, the Court confirms its finding that the Named Plaintiffs have no interests that are antagonistic to the interests of the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass and are unaware of any actual or apparent conflicts of interest between them

and the Rule 23(b)(2) Settlement Class or Rule 23(b)(2) CMPD Settlement Subclass. Moreover, the Settlement preserves the right of individual Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members to bring an individual suit for actual damages and statutory liquidated damages if they so choose.

The Court also confirms its finding that the proposed Class Counsel are competent to undertake this litigation. Class Counsel have extensive experience in class actions. Class Counsel have also demonstrated vigorous prosecution of the class claims throughout the litigation and mediation. Class Counsel have adequately represented the interests of the proposed class and subclass. Accordingly, the Court is satisfied that the Named Plaintiffs and Class Counsel are adequate representatives of the conditional settlement class under Rule 23(a)(4).

In addition to the requirements of Rule 23(a), a proposed class action must satisfy one of the sections of Rule 23(b). *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). With respect to Rule 23(b)(2), parties seeking class certification must show that the defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief ... with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Court confirms its finding that as to this Rule 23(b)(2) Settlement Class and Rule 23(b) Settlement Subclass, Defendants have acted on grounds generally applicable to the class as a whole. Here, the Settlement Agreement treats all Rule 23(b)(2) Settlement Class Members and Rule 23(b)(2) CMPD Settlement Subclass Members alike in granting them the benefits of the injunctive relief program. As discussed above, the fact that the Settlement modifies Defendants' conduct as to the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass as a whole makes it appropriate for certification under Rule 23(b)(2). *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557 (2011) ("The key to the (b)(2) class is the indivisible nature of the

injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (citation omitted); *see also Berry v. LexisNexis Risk & Info. Analytics Grp., Inc.*, No. 3:11-CV-754, 2014 U.S. Dist. LEXIS 124415, at \*34 (E.D. Va. Sept. 5, 2014), affirmed by *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015) ("The Court finds that certification of the Rule 23(b)(2) class in this case is appropriate because the injunctive relief sought is indivisible and applicable to all members of the Rule 23(b)(2) class.") (citation and internal quotation marks omitted). The proposed class action settlement thus satisfies the elements of Rule 23(b)(2).

In sum, for the sole purpose of determining: (i) whether this Court should finally approve the proposed settlement as fair, reasonable, and adequate; and (ii) whether the Court should dismiss the litigation with prejudice as to the Defendants, the Court hereby finally certifies a settlement class and subclass as follows:

Settlement Class: All persons who: (i) at any time within the four years prior to the date the Complaint was filed through the date of Final Judgment, (ii) had his or her personal information (including a driver identification number, name, address, or telephone number) appear on a Crash Report, and (iii) that Crash Report was available for purchase via an online portal or other online means supported, owned or operated by or on behalf of PoliceReports.US, LLC or LexisNexis Claims Solutions Inc.

Settlement Subclass: All persons who: (i) are members of the Rule 23(b)(2) Settlement Class, and (ii) whose Crash Report was prepared by the CMPD.

Excluded from the Settlement Class and Settlement Subclass are counsel of record (and their respective law firms) for any of the Parties, employees of Defendants, and any judge presiding over this action and their staff, and all members of their immediate families.

If the Settlement Agreement is not upheld on appeal, or is otherwise terminated for any reason, the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any party and shall not

be deemed or construed to be an admission or confession by any party of any fact, matter, or proposition of law; all parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court; and the Parties shall be permitted to pursue their respective appeals to the United States Court of Appeals for the Fourth Circuit.

## II. Appointment of Class Counsel and Class Representatives

Having certified the class under Rule 23(b)(2), and having considered the work Named Plaintiffs' counsel have done in identifying and investigating potential claims in this action, counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and the resources counsel have committed to representing the class and subclass, the following attorneys are designated Class Counsel under Rule 23(g)(l):

- David M. Wilkerson and Larry S. McDevitt of The Van Winkle Law Firm;
- Christopher L. Cogdill of Christopher L. Cogdill P.A.; and
- Eugene Clark Covington, Jr., of Eugene C. Covington, P.A.

The Court has regrettably been informed of the death of Deloris Gaston, who died after the proposed settlement was preliminarily approved by the Court. In light of Ms. Gaston's death, and upon consent of the Defendants, Leonard Gaston is designated as the Class Representative.

## III. Final Approval of Proposed Settlement

Under Rule 23(e)(l) the Court will approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1). At the preliminary approval stage, the Court made a determination as to the fairness, reasonableness, and adequacy of the settlement terms. Fed. R. Civ. P. 23(e)(2); *see also* Manual for Complex Litigation (Fourth) ("MCL"), § 21.632 (4th ed.

2004). The Fourth Circuit has bifurcated this analysis into consideration of the fairness of settlement negotiations and the adequacy of the consideration to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991)). At the preliminary approval stage, the Court found that the settlement is within "the range of possible approval." *Scott v. Family Dollar Stores, Inc.*, No. 3:08-cv-00540-MOC-DSC, 2018 U.S. Dist. LEXIS 41908, at *10 (W.D.N.C. Mar. 14, 2018); *Horton v. Merrill Lynch, Pierce, Fenner & Smith*, 855 F. Supp. 825, 827 (E.D.N.C. 1994) (citing *In Re Mid-Atlantic Toyota Antitrust Litigation*, 564 F. Supp. 1379, 1384 (D. Md. 1983)).

The Fourth Circuit has set forth the factors to be used in analyzing a class settlement for fairness: (1) the posture of the case at the time the proposed settlement was reached, (2) the extent of discovery conducted, (3) the circumstances surrounding the settlement negotiations, and (4) counsel's experience in the type of case at issue. *Jiffy Lube*, 927 F.2d at 158–59.

First, the Court finds that the settlement reached in this case was the result of a fair process. The present action has been pending for over five years. The Parties participated in many telephonic meet-and-confer discussions regarding the merits of Plaintiffs' claim and mediated the issues over the course of several mediation sessions. Where a settlement is the result of genuine arm's-length negotiations, there is a presumption that it is fair. *See, e.g., Ray v. Mechel Bluestone, Inc.*, 2018 U.S. Dist. LEXIS 40677, at *10 (S.D. W. Va. Mar. 13, 2018) (citing *In re General Motors Corp. Pick-up Truck Fuel Tank Products Liability Litig.*, 55 F.3d 768 (3d Cir. 1995)); *Brown v. Lowe's Cos.*, 2016 U.S. Dist. LEXIS 192451, at *8 (W.D.N.C. Nov. 1, 2016).

Plaintiffs also obtained substantial discovery in this case sufficient to support their position that the settlement is the best and most appropriate means for resolving this case. The extensive discovery and motion practice in this case provided each side with the additional insight to evaluate the merits and laid the groundwork for the arm's-length negotiations that resulted in the settlement.

Finally, counsel is experienced in the investigation and/or prosecution of consumer class action litigation and endorse the settlement as fair and adequate under the circumstances. Indeed, the opinion of experienced and informed counsel in favor of settlement is afforded due consideration in determining whether a class settlement is fair and adequate. *See Jiffy Lube*, 927 F.2d at 159; *Sims v. BB&T Corp.*, No. 1:15-CV-732, No. 1:15-CV-841, 2019 U.S. Dist. LEXIS 75837, at *16 (M.D.N.C. May 6, 2019); *In re MicroStrategy Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 665 (E.D. Va. 2001). For the foregoing reasons, the Court finds that the terms of the proposed settlement the result of a fair process.

The Court further finds that the terms of the proposed settlement are adequate and reasonable for the purposes of final approval; that is, they are "within the range of possible approval." In an analysis of the adequacy of a proposed settlement, the relevant factors to be considered may include: (1) the relative strength of the case on the merits, (2) any difficulties of proof or strong defenses the plaintiff and class would likely encounter if the case were to go to trial, (3) the expected duration and expense of additional litigation, (4) the solvency of the defendants and the probability of recovery on a litigated judgment, (5) the degree of opposition to the proposed settlement, (6) the posture of the case at the time settlement was proposed, (7) the extent of discovery that had been conducted, (8) the circumstances surrounding the negotiations, and (9) the experience of counsel in the substantive area and class action litigation. *See Jiffy Lube*, 927 F.2d at 159; *West v. Cont'l Auto., Inc.*, No. 3:16-cv-00502, 2018 U.S. Dist. LEXIS 26404, at *10 (W.D.N.C. Feb. 5, 2018).

In this action, Plaintiffs Deloris and Leonard Gaston ("Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and all others similarly situated, assert claims against Defendants LexisNexis Risk Solutions Inc. and PoliceReports.US, LLC ("Defendants"), for alleged violations

of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721 et seq. The Named Plaintiffs contend that crash reports contain "personal information" "from a motor vehicle record" and are thus regulated by the DPPA. The Named Plaintiffs claim that Defendants violated the DPPA by allegedly disclosing Plaintiffs' crash reports to third parties on the PRUS eCommerce web portal for the purposes of marketing and solicitation without Plaintiffs' express *consent*. Defendants have taken the position that crash reports do not fall within the scope of the DPPA on numerous grounds including that crash reports are a "motor vehicle record" under the DPPA or are otherwise outside the scope of the DPPA and that they are entitled to qualified immunity and otherwise had an express permissible purpose under the DPPA. The Court ultimately rejected each of Defendants' broad arguments at summary judgment as discussed below.

On the parties' cross motions for summary judgment, the Court held that North Carolina accident reports are "motor vehicle records" under the statute and – based on Defendants' admission that they disclosed the reports without regard to whether the personal information in the reports would be used for a purpose permitted by the DPPA as well as the undisputed evidence that at least some of those reports were used for an impermissible purpose – awarded Plaintiffs summary judgment on their claim for declaratory and injunctive relief to end Defendants' unlawful practices. However, finding disputed fact issues, the Court denied Plaintiff's motion for summary judgment on their claim for liquidated damages. Finally, the Court decided that Defendants were not entitled to summary judgment because the Court found they were liable for injunctive relief as discussed above and did not have immunity, qualified or otherwise, based on their profitable alleged "public service" in making the accident reports available. (*See* Dkt. No. 169).

The parties thereafter filed their respective cross notices of appeal from the Order to the United States Court of Appeals for the Fourth Circuit, (Dkt. Nos. 150, 158), and the parties

represent to the Court that they intended to prosecute their appeals absent this settlement. Those appeals and continued litigation at the district court level would require protracted adversarial litigation at substantial risk and expense to both parties. Aside from the potential that either side will lose on appeal, the Parties anticipate incurring substantial additional costs in pursuing this litigation further. The level of additional costs would significantly increase as the appellate process proceeded and any effort that might be required if the matter is remanded for further proceedings. Thus, the likelihood of substantial future costs favors approving the proposed settlement. *Sims*, 2019 U.S. Dist. LEXIS 75837 at *17; *Horton*, 855 F. Supp. at 833.

Despite the size of the Rule 23(b)(2) Settlement Class and Rule 23(b)(2) CMPD Settlement Subclass, only one other consumer to date pursued a class-wide claim that would have been resolved through this settlement. *See Hatch v. LexisNexis Risk Solutions Inc., et al.*, 3:19-cv- 00449 (W.D.N.C.).

The Parties have been litigating Plaintiffs' claims for more than five years. The Plaintiffs had a complete understanding from formal and informal discovery as to Defendants' business practices and what defenses as to liability and as to class certification would be faced. As discussed above, each of the remaining elements of "adequacy" under *Jiffy Lube* are more than met. The negotiations were self-evidently arms-length, with settlement made possible only through the considerable efforts of an experienced mediator. Moreover, the injunctive relief agreed to in the Settlement Agreement is consistent with the Court's ruling at Summary Judgment that Defendants conduct was unlawful and needed to be enjoined. Given this analysis, the *Jiffy Lube* factors weigh in favor of the adequacy and reasonableness of the settlement.

Accordingly, based on the foregoing considerations, the Court finds that the terms of the proposed settlement are adequate and reasonable for purposes of final approval and the proposed

settlement as set forth in the Settlement Agreement is hereby finally approved as fair, reasonable, and adequate.

**IV. Notice for This Rule 23(b)(2) Settlement Class**

The Court appointed American Legal Claim Services LLC ("ALCS") as the Settlement Administrator for the purpose of providing the required notice under CAFA and administering the Notice Program. Representatives of ALCS have submitted three declarations regarding their administration of the notice program. (Dkts. 175, 176, and 178.). First, ALCS declares that on November 13, 2020 and January 27, 2021, ALCS mailed a notice pursuant to CAFA to the attorneys general of all 50 states plus the territories of American Samoa, Puerto Rico, and the United States Virgin Islands, the Attorney General of the United States, and the Attorney General of the District of Columbia via certified mail. (Dkt. 175). Second, ALCS declares it completed the notice program approved by this Court in its preliminary approval order. The digital and social media advertisements ran from March 1, 2021 to April 12, 2021, and the USA Today advertisement was published on March 25, 2021 and April 8, 2021. (Dkt. 176). ACLS declares that as of May 14, 2021, it has received no objections to the settlement in this matter. (Dkt. 178). Finally, no requests to appear at the final approval hearing were received by the court by the deadline of May 17, 2021.

**VI. Motion for Attorneys' Fees and Incentive Award**

With regard to attorneys' fees, expenses and an incentive award in connection for the Rule 23(b)(2) settlement, Class Counsel has requested a total award of $5,150,000,[1] which Defendants

---

[1] In Plaintiffs' Motion for Attorneys' Fees, Expenses and Service Awards (Dkt. No. 172), Plaintiffs' counsel mistakenly requested $5,130,000 for attorneys' fees, expenses *and* service awards. However, per the terms of the Parties' Settlement Agreement, Defendants agreed to support the application by Class Counsel for attorneys' fees, costs and other expenses in an amount up to $5,130,000, and also agreed they would not oppose service awards of $10,000 for

13

has agreed to pay in addition to their other obligations under the Settlement Agreement. With respect to attorneys' fees, the Court finds that a lodestar of $2,755,405 and a multiplier of approximately 1.85 is applicable and reasonable, and an award of $5,098,094.31 is appropriate. *See Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009). Specifically, the Court finds that (1) Plaintiffs' counsel expended large amounts of time and labor, demonstrated skill commensurate with their reputations, and achieved an excellent result in this large and complex action; (2) Plaintiffs negotiated a Settlement Agreement that provides substantial benefits for over 200 million consumers; (3) the Settlement Agreement forces Defendants to comply with the DPPA and increases consumer privacy protection measures and (4) Defendants do not object to and have agreed to pay the requested amount without impairing any obligations to the Class. Further, the Court notes that a multiplier of approximately 1.85 is less than or similar to those applied in similar cases. *See, e.g.*, *Berry v. Schulman*, 807 F.3d 600 (4th Cir. 2015); *In re Cardinal Health Inc. Sec. Litig.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007). The Court also finds that Class Counsel's expenses of $31,905.69 in support of this litigation are reasonable, for a total award to class counsel for fees and expenses of $5,130,000.00.

Finally, the Court finds that an incentive award of $20,000 to Leonard Gaston is an appropriate award for his service as a Class Representative.[2] Mr. Gaston acted for the benefit of the class, reviewed documents provided to him by his Counsel, discussed with Counsel aspects of

---

each of the Named Plaintiffs, for a total amount of $5,150,000. Defendants do not object to Plaintiffs' counsel now clarifying their mistake and seeking a total of $5,130,000 for attorneys' fees and expenses. No objections have been filed with respect to Plaintiffs' Motion for Attorneys' Fees. The Court finds that this immaterial change in the amount is unlikely to prompt any objections where none have previously existed.

[2] In the Parties' original settlement agreement, Defendants agreed they would not oppose service awards of $10,000 for each of the Named Plaintiffs. In light of Deloris Gaston's death, the Parties have agreed that Deloris Gaston's service award (if any) shall be paid to Leonard Gaston.

the case, discovery issues, and settlement negotiations, and was deposed at length. As with attorneys' fees and expenses, Defendants do not oppose the award. Therefore, the Court finds that a service award in the amount of $20,000 to Mr. Gaston is appropriate.

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Motion for Final Approval of Proposed Settlement (Dkt. Nos. 171) is **GRANTED**, consistent with this Order;
2. The Motion for Attorneys' Fees, Expenses and Service Awards is **GRANTED,** consistent with this Order;

SO ORDERED ADJUDGED AND DECREED

Signed: May 24, 2021

Kenneth D. Bell
United States District Judge