**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**Statesville Division**

| | | |
|---|---|---|
| **DELORIS GASTON**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 5:16-cv-9** |
| | ) | |
| **LEXISNEXIS RISK SOLUTIONS INC.**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## INJUNCTIVE RELIEF ORDER

This day, the Court entered its Final Order granting the Motion for Final Approval of Class Action Settlement (Dkt. No. 179). Pursuant to that Order and Section 4.3 of the Settlement Agreement and Release, dated January 21, 2021 (the "Settlement Agreement"), the Court enters this Injunctive Relief Order and hereby orders that Defendants comply with the following:

1.      For purposes of this Injunctive Relief Order, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Settlement Agreement. The terms of this Injunctive Relief Order are intended to reflect the Injunctive Relief provisions in the Settlement Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Settlement Agreement.

2.      IMPLEMENTATION OF CHANGES TO PROHIBIT THE USE OF CRASH REPORTS PURCHASED ON THE ECOMMERCE WEB PORTAL FOR MARKETING AND SOLICITATION USES

Defendants will: (a) incorporate an express prohibition on marketing and solicitation uses in the End User License Agreement on the eCommerce Web Portal; (b) incorporate an express

prohibition on marketing and solicitation in commercial user agreements on the eCommerce Web Portal; and (c) add a separate, prominently displayed user confirmation for no marketing and solicitation use before a Crash Report is purchased on the eCommerce Web Portal with text substantially similar to the following: **"By selecting the Purchase & Download Button, you are certifying that these records will not be used for solicitation"** and presented in a form similar to Exhibit E to the Settlement Agreement.

3. ELIMINATE THE MONTHLY SUBSCRIPTION SERVICE

Defendants will eliminate the Monthly Subscription Service on the eCommerce Web Portal.

4. LIMIT THE DISCLOSURE OF CRASH REPORTS

Defendants agree Crash Reports will only be disclosed if one of the following three conditions are met:

4.1 Defendants have redacted the following information (to the extent such information is included in a Crash Report): an individual's photograph, social security number, driver's license number, first name, address (but not the 5-digit zip code), telephone number, and medical or disability information (hereinafter, the "Personal Information"); OR

4.2 Defendants have obtained the consent of the person whose Personal Information appears on the Crash Report; OR

4.3 The Crash Report is being disclosed to an "authorized recipient" as permitted by 18 U.S. Code § 2721(c) or for one of the following permissible uses as set out in 18 U.S. Code § 2721(b)(1):

4.3(a) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal,

State, or local agency in carrying out its functions.

4.3(b)  For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

4.3(c)  For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only – (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

4.3(d)  For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

4.3(e)  For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

4.3(f)  For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

4.3(g)  For use in providing notice to the owners of towed or impounded vehicles.

4.3(h)  For use by any licensed private investigative agency or licensed security

service for any purpose permitted under this subsection.

4.3(i)   For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

4.3(j)   For use in connection with the operation of private toll transportation facilities.

4.3(k)   For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

4.3(l)   For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

4.3(m) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

4.3(n)   For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

Defendants may paraphrase the permissible uses defined in Section 4.3(a)–(n) to the extent it is technologically necessary on the eCommerce Web Portal as long as it does not substantially change the meaning.

If Defendants disclose a Crash Report for one of the permissible uses as defined in Section 4.3(a)–(n), Defendants will meet any obligation to have a "good faith belief" that the Crash Report will be used for a specific purpose permitted by this Order through the following means:

(a) With respect to Involved Parties, Defendants will require Involved Parties to affirm their specific anticipated use as defined in Section 4.3 before purchasing a Crash Report on the eCommerce Web Portal.  Additionally, Defendants will require Involved Parties to enter one of

the following sets of search criteria to search for a Crash Report on the eCommerce Web Portal:

    i.      State and jurisdiction and one of the following: Report number; last name and date of incident; last name and street;

    ii.     State and jurisdiction and at least two of the following: Last name, date of incident, street; or

    iii.    State, jurisdiction, report number and one of the following: name (first, last) and date of incident; name (first, last) and street.

A law enforcement agency may require that Defendants impose additional search criteria for Involved Parties to search for a Crash Report.

(b) With respect to Commercial Users, Defendants will:

    i.      Require submission of an application and agreement, including, but not limited to, the specific purpose of use;

    ii.     Implement a process to review Commercial Users' stated purpose of the use; and

    iii.    Reject any application and agreement in which the stated purpose of use references marketing or solicitation or any other use not permitted by this Order and the Final Judgment.

5.       LOG THE USERS' USE SELECTION

Defendants must keep for a period of 5 years records identifying each person or entity that receives a Crash Report on the eCommerce Web Portal and the purpose for which the Crash Report will be used.

6.       IMPLEMENT EMPLOYEE EDUCATION AND TRAINING

Employees who work with Crash Reports on the eCommerce Web Portal will be required to participate in annual training regarding the requirements of the Injunctive Relief and the DPPA.

Defendants shall keep records of such training.

7.      TIMETABLE FOR IMPLEMENTATION OF INJUNCTIVE RELIEF

7.1      With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 4 and 5 above within thirty (30) days of the Effective Date.

7.2      With respect to the Rule 23(b)(2) CMPD Settlement Subclass, Defendants will implement the Injunctive Relief defined in Sections 2 and 3 above within three months of the Effective Date.

7.3      With respect to the Rule 23(b)(2) Settlement Class, Defendants will implement the Injunctive Relief defined in Sections 2 through 6 above within twelve months of the Effective Date.

7.4      Notwithstanding Section 7, if Defendants are unable to comply with these deadlines, Defendants shall receive a reasonable extension of time sufficient to permit completion of the task upon submission of an application to the Court showing good cause for the extension.

8.      SUNSET PROVISION: With respect to the Rule 23(b)(2) Settlement Class, the obligations of Sections 2-6 of the Injunctive Relief Order will expire seven years from the Effective Date ("Sunset Date"). With respect to the Rule 23(b)(2) CMPD Settlement Subclass, any relief from the obligations of Sections 2-6 of the Injunctive Relief Order must be obtained from this Court pursuant to Section 11 of this Order.

9.      DISPUTE RESOLUTION PROCESS

9.1      If any Settlement Class Member has a claim or dispute regarding Defendants' compliance with the Settlement Agreement, including but not limited to the Injunctive Relief provisions, then such Settlement Class Member first must submit, *pro se* or through counsel,

his or her dispute directly to Defendants before taking any other action. Upon receipt of such a dispute, Defendants will investigate the dispute and respond to the Settlement Class Member within thirty (30) days. Defendants' response must state the results of Defendants' investigation of the allegation of non-compliance with the Settlement Agreement and any action taken or to be taken to address the Settlement Class Member's dispute; or, if additional information is required for Defendants to complete their investigation, Defendants' response must identify the specific additional information that is required. Upon the submission of all the additional information required (as set forth in Defendants' response), Defendants will have thirty (30) days to complete their investigation of the Settlement Class Member's dispute regarding the allegation of non-compliance with the Settlement agreement and to provide a response containing the results of its investigation and any action taken or to be taken to address the dispute. To the extent a Settlement Class Member does not have all the additional information requested in Defendants' response, Defendants will proceed to the extent reasonably possible to complete their investigation of the Settlement Class Member's dispute.

9.2     Within thirty (30) days after the dispute resolution process described above has been completed, the Settlement Class Member may submit his or her dispute regarding the allegation of non-compliance with the Settlement Agreement to the Court under the caption for this Litigation. The Settlement Class Member's submissions to the Court must include copies of all correspondence between the Settlement Class Member and Defendants regarding the dispute prior to the submission. The Court shall have exclusive and sole jurisdiction to resolve the dispute.

10.     Any action by Defendants determined in good faith to be reasonably necessary to comply with any federal law, enactment, regulation, or judicial ruling shall not constitute a breach of the Settlement Agreement. In the event that any obligation that Defendants have agreed to

undertake as part of the Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling, or if the Settlement Class (or any subset) agree to impose less stringent requirements on any competitor of Defendants in a class settlement or any other matter requiring approval of a court, then Defendants will file a motion for miscellaneous relief, seeking to be released from performing such obligation. In addition to electronic service through the District Court, Defendants shall also serve said motion on Class Counsel in the manner set forth in Section 7.5 of the Settlement Agreement. Class Counsel shall file any brief in opposition within twenty (20) days after the service of Defendants' motion for miscellaneous relief (which may be extended by the Court for good cause). Should Class Counsel not file any brief in opposition within the twenty (20) day period, the Court shall presume that Class Counsel does not oppose the relief requested in Defendants' motion for miscellaneous relief. Defendants shall file any reply brief in support of their motion for miscellaneous relief within seven (7) days after the filing of any brief in opposition.

11.     The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Injunctive Relief Order, including its administration, interpretation, effectuation, and enforcement of its provisions pursuant to the dispute resolution process in section 9 above. None of the parties, including any Rule 23(b)(2) Settlement Class Member or Rule 23(b)(2) Settlement Subclass Member, shall be entitled to the recovery of attorney's fees, costs or other expenses in connection with any efforts to monitor compliance with this Injunctive Relief Order.

It is SO ORDERED.

Signed: May 25, 2021

Kenneth D. Bell
United States District Judge